[Civ. No. 1684.  First Appellate District.—November 3, 1915.]

In Re SAMUEL LAWRENCE MASH, on Petition for Revocation of Order Admitting to Practice.

ATTORNEY AT LAW—LICENSE TO PRACTICE—FRAUD UPON COURT—CONCEALMENT OF PREVIOUS DISBARMENTS AND CRIMINAL CONVICTIONS.— An attorney at law, who, upon the hearing of his motion to practice law in the courts of this state, fails to reveal to the court the fact that he had been previously disbarred from practice and convicted of several infractions of the law in other jurisdictions, is guilty of a fraud upon the court which requires the revocation of his license, regardless of whether such disbarments and convictions were well or ill founded.

APPLICATION originally made to the District Court of Appeal for the First Appellate District for an order revoking license of an attorney at law.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, John B. Clayberg, and Charles M. Bufford, for Bar Association of San Francisco, Petitioner.

Charles H. Fairall, and Walter J. Thompson, for Respondent.

LENNON, P. J.—The respondent herein, Samuel Lawrence Mash, was by an order of this court made and entered on the thirteenth day of July, 1913, admitted to practice law in all the courts of this state, upon motion made in open court and

the presentation of a license to practice law in the state of Utah granted and issued to said Mash by the supreme court of that state on or about the first day of July, 1909.    Thereafter on May 28, 1915, the Bar Association of the city and county of San Francisco presented to and filed with this court a verified accusation against the respondent herein, charging him with knowingly and intentionally failing to reveal to this court upon the hearing of the motion for his admission to the bar of this state the fact that he had been previously disbarred from the practice of the law and convicted of several infractions of the law in other jurisdictions.

In this behalf the accusation of the Bar Association avers:

"(a) That on or about January 21, 1891, said Samuel Lawrence Mash was admitted to the bar of the state of Iowa; that on or about January 16, 1896, Samuel Lawrence Mash was convicted by the district court of the United States for the southern district of Iowa of using the United States mails for the purpose of defrauding, and was sentenced by said court to serve eighteen months in the penitentiary at Fort Madison, Iowa; that upon said Samuel Lawrence Mash's agreement to leave the state of Iowa permanently said sentence was suspended. . . .

"(b) That on or about the fifteenth day of May, 1900, said Samuel Lawrence Mash was sentenced by the superior court of Milwaukee County, state of Wisconsin, to serve ninety days in jail upon conviction by said court of keping a house of ill-fame; that said Samuel Lawrence Mash was charged with and convicted of said offense under the name of S. M. Marsh, but that said S. M. Marsh and Samuel Lawrence Mash are identically one and the same person. . . .

"(c) That on or about April 9, 1903, said Samuel Lawrence Mash was admitted to the bar of the state of Illinois; that on or about January 14, 1905, said Samuel Lawrence Mash was duly convicted and sentenced to serve a term in the penitentiary by the superior court of Cook County, state of Illinois, for the crime of harboring; that on June 16, 1906, the said Samuel Lawrence Mash was regularly and legally disbarred in the State of Illinois. . . .

"(d) That on or about the 1st day of July, 1909, Samuel Lawrence Mash was admitted to the bar of the state of Utah under the name of Lawrence Marsh; that said Lawrence Marsh and said Samuel Lawrence Mash are identically one

and the same person. That on or about the 9th day of May, 1911, proceedings were regularly and legally instituted in the supreme court of the state of Utah for the disbarment of said Samuel Lawrence Mash under the name of Lawrence Marsh; that he appeared and answered, and was represented by counsel at the hearing of said disbarment proceedings; that on or about January 4, 1913, the said Samuel Lawrence Mash under the name of Lawrence Marsh was regularly and legally disbarred in the state of Utah; that the referee who had under consideration said disbarment proceedings, found that during the year 1911, said Samuel Lawrence Mash, under the name of Lawrence Marsh, had kept a house of ill-fame, and that he was morally unfit to be a member of the Utah bar. That said Samuel Lawrence Mash did not inform this court of the pendency of said proceedings for disbarment in the state of Utah at the time he made application for admission to the bar of the state of California, either at the time of his admission thereto or prior thereto or at all. That the said Samuel Lawrence Mash, at the time of his application for admission to the bar of the state of California and at the time of his admission thereto, fraudulently, intentionally and purposely concealed from this court each and all of the facts set forth in the above specifications. That said Samuel Lawrence Mash so obtained said order permitting him to practice as an attorney and counselor-at-law in all the courts of California, by the fraudulent concealment of each and every material fact hereinbefore set forth, and that said Samuel Lawrence Mash, in so making application to said district court of appeal of the state of California for the first district for a license to practice law in the state of California, did fraudulently conceal and withhold each and every fact hereinbefore set forth which occurred previous to said 13th day of July, 1913, and did specially, purposely and fraudulently conceal from said district court of appeal for the first appellate district of the state of California said disbarment proceedings theretofore taken and concluded against him in the state of Illinois, and said disbarment proceedings theretofore taken against him and then pending in the state of Utah; and that he likewise fraudulently, especially and purposely concealed from said district court of appeal for the first appellate district of the state of California his conviction of each and all of the crimes hereinabove alleged, and

each and every fact tending to show that he was not of good moral character, and did thereby and by such fraudulent concealment of material facts in the premises, as hereinabove set forth, obtain said order so admitting the said Samuel Lawrence Mash to practice as an attorney and counselor-at-law in all the courts of the state of California.''

To the accusation respondent interposed a general demurrer upon the ground that it did not state facts, etc., and upon the demurrer being disallowed he filed an answer which, while admitting the truth of the allegations of the accusation concerning his several convictions and disbarments in other jurisdictions, and his failure to reveal the same to this court when applying for admission to the bar of this state, attempted to justify such failure by pleading with much detail not necessary to be narrated here that in each instance he had been falsely accused and unjustly convicted and disbarred. Excepting the allegation relating to his disbarment in Utah, the answer of the respondent makes no attempt to deny the allegations of the accusation that when making application to this court for admission to the bar of this state, he fraudulently, intentionally and purposely concealed from this court the facts of his previous convictions and disbarments; but while admitting by a failure to deny the specific allegations of the accusation concerning the disbarment proceedings instituted against him in the state of Utah, and the findings of the referee therein which ultimately resulted in an order of disbarment, makes denial ''that he was of immoral character or that any disbarment proceedings were 'pending' against him at the time he made his application for admission to this court.'' This denial is followed by averments of the answer that ''When the said respondent left the state of Utah all actions then pending against him had, so he had been informed by the court, been dismissed for want of sufficient evidence, and was so informed by Sonax Christiansen, respondent's attorney, and that no action would be taken against him by the supreme court of the state of Utah, or the Bar Association of the city and county of Salt Lake, and that on or about the tenth day of May he, said respondent, delivered to the clerk of the supreme court of the state of Utah his certificate of admission to the supreme court of the state of Utah with the understanding that all proceedings before the supreme court of the state of Utah

in the disbarment of the said respondent would be dismissed. . . .''

With these denials as a predicate and as a justification therefor, the answer of the respondent upon the Utah phase of the accusation is in effect an argumentative denial that he fraudulently, intentionally, or purposely concealed from this court the fact of the pendency of disbarment proceedings against him in the state of Utah, that is to say, the answer of the respondent in this behalf amounts to no more than a mere argumentative denial that disbarment proceedings were pending against him in the state of Utah at the time he made application to this court for admission to the bar of the state, and it does not purport to deny the material allegation of the accusation that he had in fact been disbarred in the state of Utah some six months before he came to California.

It will thus be seen that all of the material allegations of fact upon which the accusation was based were either expressly admitted, or admitted by a failure to deny; and this being so, the matter was by the court ordered submitted upon the motion of the representative of the Bar Association, without the taking of evidence.

The material facts as pleaded in the accusation being admitted, the only question to be determined is whether or not they will suffice to sustain a revocation of respondent's license to practice law in this state upon the ground that it was procured through a fraud practiced upon this court. In our opinion the failure of the respondent at the time he made application to be admitted as a practitioner of the law in this state, to reveal the fact of his several convictions of offenses against the law and his subsequent disbarments in other jurisdictions, constituted a fraud upon the court. Under the somewhat lax procedure provided in this state for the admission of applicants to practice law here upon the presentation of a license from a sister state, the good moral character of the applicant need be established only by the assurance of local sponsors, who, as a rule, are unacquainted with the applicant before his arrival in this state to take up his residence here, and are rarely if ever acquainted with his professional standing in the community from whence he comes. No other means of ascertaining the applicant's good or bad character are provided; and as a consequence we take it that there is cast upon the applicant the obligation to

reveal to this court at the time of his application any circumstances connected with his past professional life which must necessarily influence the court's judgment in determining whether the applicant is or is not a person of good moral character.

The only defense that the respondent would make, if permitted, to the charges contained in the accusation, is, as foreshadowed by the allegations of his answer, that it was his opinion at the time he made his application that the criminal and disbarment proceedings prosecuted against him in other jurisdictions were neither *bona fide* nor just, and that therefore the court would have granted his application regardless of such proceedings. In other words, having convinced himself that he was innocent of the charges previously preferred against him he concluded that even if the court had been informed thereof, it would have treated them as matters of little or no moment. If we were to concede the sufficiency of such a defense we would practically oust ourselves of jurisdiction to pass on the moral character of an applicant to practice law. Regardless of whether the charges previously preferred against the respondent were well or ill founded, we hold that it was his duty to reveal to this court the fact that they had been preferred and prosecuted and had resulted in his conviction and disbarment. His failure to do so cannot be regarded as other than a willful deception which requires this court—if it is to give effect to that provision of the law permitting only persons of good moral character to be licensed to practice law in the courts of the state, and to maintain the dignity and decency of its bar—to revoke the license previously granted to him.

Upon the admitted facts and for the reasons stated it is ordered that the license to practice law in this state heretofore granted to the respondent by this court be and the same is hereby revoked and canceled, and that respondent's name be stricken from the roll of attorneys and counselors-at-law in this state.

Kerrigan, J., and Richards, J., concurred.