[Crim. No. 336.    Third Appellate District.—April 16, 1918.]

## In the Matter of the Admission of T. ALONZO WELLS to Practice Law.

ATTORNEY AT LAW — REVOCATION OF ORDER ADMITTING TO PRACTICE—FRAUD UPON COURT.—An order revoking an order of the district court of appeal admitting an attorney to practice law is justified where such attorney upon his application for admission failed to apprise the court that he had previously applied on two different occasions to another court of co-ordinate general jurisdiction, and had withdrawn his applications when confronted with objections by the Bar Association of the county of his residence founded upon charges impeaching his personal character for those traits which are justly esteemed as among the first essentials of a practicing lawyer.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for an order revoking an order admitting an attorney to practice law.

The facts are stated in the opinion of the court.

Clyde Bishop, R. Y. Williams, J. C. Burke, L. A. West, and S. M. Reinhaus, for Petitioners.

H. N. Mitchell, and T. Alonzo Wells, *in pro. per.*, for Respondent.

THE COURT.—In the month of October, 1915, the respondent, Wells, was admitted to practice law by the supreme court of the state of Nevada, after having been a resident of said state for the period of approximately six months. Within a few days after being so admitted as a member of the Bar, and late in the said month of October, he was, upon the motion of H. N. Mitchell, Esq., an attorney at law and a member of the Sacramento City Bar, and on the production of his license from the supreme court of Nevada and the assurance of the said Mitchell that the applicant was a person of good moral character, admitted by this court to practice law in all the courts of the state of California.

Thereafter a committee of the Bar Association of the county of Orange, this state, acting for and in behalf of said association, presented a petition to this court, praying for

36 Cal. App.—50

an order revoking the order by this court admitting the respondent to the practice of the law in the courts of this state, and revoking and canceling the license thereupon issued to said respondent evidencing his right so to practice the law in this state, and striking his name from the roll of attorneys and counselors at law in the state of California.

The petition is founded on a number of specific charges involving the integrity and moral character of the respondent.

Here it should be stated that in a former opinion on this petition we took the position that the proceeding was, in legal character and effect, the equivalent of a proceeding in disbarment, and that the same was, therefore, of a *quasi*-criminal nature. We hence held that the rules of criminal pleading applied, and that the charges or the more serious of them were not set forth with that precision with which a charge of crime is required to be set out, and that as to the charges amenable to that objection, there was no substantial ground upon which to predicate an order revoking the respondent's license to practice law. Some of the charges were stricken out on motion upon the ground that they revealed no ground justifying the order asked for in the petition. The result of these several rulings was that the petition was denied. Subsequently to the decision by this court, a hearing was granted herein by the supreme court, and there it was held that the analogy drawn by this court between a proceeding of the character of the one now before us and a proceeding in disbarment was inept and without any foundation, particularly in so far as the purpose of the analogy was to invoke and apply the rules of criminal pleading to a proceeding of the kind under consideration. (*In re Wells*, 174 Cal. 467, [163 Pac. 657].) The court, among other things, said, quoting from the *syllabi:* "An application to revoke an order admitting an attorney to practice law, on the ground that he obtained the order by means of a fraudulent concealment of his real character, is not a proceeding in disbarment. Allegations as to his character are necessary in such application in order to show that if there shall be a *bona fide* inquiry regarding it, the court would be authorized to reject him because of the facts alleged. If the court should conclude that the fraudulent means were sufficiently established to justify a revocation of the order, it would then be its duty to inquire

again into his moral character, and that inquiry would have the same scope, and be subject to the same rules, as if it had been made upon his original application." Again, the supreme court properly said that it was not "advisable to take up in this court the investigation of these charges. It is proper to say that they are now mere allegations which put the court upon inquiry as to the truth of the matter. The law has devolved that duty upon the district court of appeal. The court that should conduct the investigation in this case, both as to the alleged fraud in obtaining the order and as to the good moral character of the applicant, is the district court of appeal of the third district, the court which, it is alleged, was improperly led to make the order sought to be revoked."

The matter was accordingly remanded to this court for further proceedings in accordance with the views of the supreme court as expressed in said opinion.

Upon a return of the proceeding to this court, testimony bearing upon the charges preferred against the accused was taken at Santa Ana, the county seat of Orange County, before a referee, commissioned by this court for that purpose.

As stated in the outset of this opinion, there were several different and distinct charges alleged against the respondent in the petition for the revocation of the order licensing him to practice law. As to some of these charges there was a pronounced conflict in the testimony. A large amount of testimony, *pro* and *con*, was presented upon the question of the general reputation of the respondent in the localities in Orange County in which the respondent had resided for many years for morality and truth, honesty, and integrity. The testimony upon this question was decidedly conflicting. But, after a full consideration of this matter as it is before us now, we do not regard it necessary to consider and determine the merits of the charges upon which the Bar Association opposed the admission of the respondent to practice by the court of appeal of the second district and which charges are, as above stated, incorporated in the petition for the revocation of the order of this court admitting the respondent to practice law. As we now view the situation as it is presented here, the first inquiry presented is whether the respondent imposed upon this court when making his application by omitting to disclose to the court or justices thereof the fact

that he had made two previous applications to the second district court of appeal for admission to practice and had withdrawn each application upon the filing by the Bar Association of Orange County of a written objection to the allowance of his application, based upon charges challenging his moral fitness to become a licensed member of the Bar. We will, therefore, confine ourselves to a consideration of that proposition, as to which the petition alleges: "That, in January, 1911, said Wells filed his application in the district court of appeal of the second district of the state of California to be admitted to practice law in all the courts of this state in accordance with rule 1 of the rules of the supreme court and district courts of appeal of the state of California, as adopted January, 1912." The rules of the second appellate court regulating the matter of the application of persons to be admitted to practice law by said court are then set out in the petition. These rules provide, among other things, that, to afford the court an opportunity to inquire into and determine the moral fitness of applicants for admission to the Bar, applicants shall file their applications and certificates with the clerk of the court at least ten days before the date fixed for the examination. The petition proceeds: "That there was at all times a practice of said court for the clerk thereof to transmit a copy of each application for admission to practice upon examination to the president of the Bar Association of the county in which the applicant was a resident; that, in accordance with said rule and practice, a copy of said application of said Wells was transmitted to the president of the Bar Association of the county of Orange, which met and considered the matter; and upon its being shown to the association by several of its members that said Wells was not a man of good moral character and had been guilty of serious irregularities in his practice in the justices' courts, a committee was appointed through which the association filed charges and objections to his admission to practice; that, upon learning of the filing of said charges and objections to his admission, said Wells withdrew his application therefor." It is alleged that, in July, 1912, said Wells again applied to the court of the second appellate district for admission to practice, "and asked the Bar Association of Orange County to give him a hearing before filing an objection to the granting of said application; that his request for such hearing

was granted, and he personally appeared before the said Bar Association at a meeting at which practically every active member of the association was present; that, it appearing from the hearing that the original objections still continued to his admission . . . , a committee was appointed and instructed to renew the charges and objections; and, although said Wells in his defense had assured the association 'that he would insist upon a hearing upon his application and a trial of the charge, he failed to do so and again withdrew his application.'' Following these allegations is a statement of the several charges upon which the objection to his admission to practice by the second appellate court and to the order of this court admitting him to practice was and is founded.

It is then charged, in substance and effect, that Wells, knowing that he would be unable to secure admission to practice law in the courts of California by examination therein (objections to his admission having been duly made known to the two other district courts of appeal), in the month of May, 1915, departed from the state of California and went to Carson City, in the state of Nevada, "where he and the facts hereinbefore alleged were unknown to the officers of the supreme court of Nevada," and that, by concealing said facts, in October, 1915, he secured admission by said supreme court of the state of Nevada to practice law in said state; that, "in further pursuit of said purpose, said Wells thereafter, on October 20, 1915, presented his license to practice law from the supreme court of the state of Nevada to the district court of appeal of the third appellate district of the state of California and applied for admission thereon under and in accordance with the provisions of section 279 of the Code of Civil Procedure of this state; that said Wells and all of the facts hereinbefore alleged were unknown to the judges and officers of said court, the former clerk of said court, G. Horatio Chase, who had received and filed the former charges and objections to the admission to practice of said Wells, as hereinbefore stated, having in the meantime died; and that said Wells intentionally made such application to said court, so unacquainted with said facts, for the purpose, by fraudulent concealment of said facts hereinbefore alleged, of indirectly and fraudulently securing admission to practice law as an attorney at law in all the courts

of this state, and to evade the law of said state and the rules and practices of the supreme and appellate courts therein, as hereinbefore set forth; that, with the same intent, and in carrying out the same purpose, he also induced one H. N. Mitchell, Esq., an attorney at law, admitted to practice in all the courts of this state, who had no knowledge of said facts and was totally unacquainted with said Wells prior to the time of making said application, to move said court to grant said application and to vouch for the good moral character of the applicant.''

As above suggested, we are not required, under the view we now take of this proceeding, to pass upon or undertake to determine the merits of the several charges upon which objection to the admission of Wells to practice law by the second district court of appeal was predicated. Nor is it necessary for the expression of an opinion by this court relative to the charge that Wells, for the purpose of overcoming the effect of the objection interposed by the Orange County Bar Association to his admission to practice, went to the state of Nevada and there sought and secured his admission to practice by the supreme court of that state. It is enough, to justify this court in revoking its order admitting him to practice in the courts of California under the circumstances alleged in the petition, to know, as we do know, that, when he applied here for admission, he failed to apprise this court of the fact that he had previously applied on two different occasions to another court of co-ordinate general jurisdiction with this court to be admitted to practice and had withdrawn said applications when confronted with an objection by the Bar Association of the county in which he resided to his admission founded upon charges impeaching his personal character for those traits which are justly esteemed as among the first essentials of a practicing lawyer. We do not hold, assuming that there was substantial foundation for the charges, that he should then have admitted them to be true, but it cannot for a moment be questioned that it was his duty to have informed this court, at the time his application was presented to us, that he had withdrawn the previous applications upon the filing of charges involving an attack upon his moral fitness to be admitted into the practice of the law. This court was entitled to be put in possession of this information at the time mentioned, not that the fact of the

mere filing of the charges and the subsequent acts of the respondent in withdrawing the applications would in and of themselves be sufficient or have been deemed sufficient to warrant a refusal to admit him, but that this court might then, as it would have been its duty to do in such case, have prosecuted an investigation for the purpose of ascertaining and determining whether the objection to his admission interposed in the court of appeal of the second district was or was not well founded. To this extent we hold that the respondent acted in bad faith with and thus imposed upon this court, and while we are not prepared to say that he purposely intended to do so, the necessary legal effect of his omission to furnish the court with the information mentioned at the time he presented his application amounted to a fraud upon the court and the justices thereof.

It is, therefore, ordered that the order of this court of October 20, 1915, admitting the respondent, T. Alonzo Wells, to practice law in all the courts of the state of California is hereby revoked; that the license thereupon issued to said Wells evidencing his right so to practice law is hereby canceled and that his name be, and the same is hereby, stricken from the roll of attorneys and counselors at law of the state of California.