[Motion No. 4051. Second Appellate District, Division Two.— February 21, 1923.]

In re JAMES FRANK LASLEY on Petition for Revocation of Order Admitting Him to Practice.

[1] ATTORNEY AT LAW—APPLICATION TO PRACTICE—FALSE AFFIDAVIT —FRAUD.—An affidavit by an attorney at law who had been practicing in another state, accompanying an application to be admitted to the bar of this state, which falsely stated that no charges of unprofessional conduct or proceedings for disbarment had ever been filed against him, and his concealment of the fact of such charges, constituted a fraud upon the court, regardless of whether the charges were well or ill founded.

APPLICATION for the revocation of an order admitting an attorney to practice law. Order vacated and license revoked.

The facts are stated in the opinion of the court.

Robert B. Murphy and John E. Biby for Petitioner Los Angeles County Bar Association.

W. T. Helms for Respondent.

FINLAYSON, P. J.—James Frank Lasley, who had been a practicing lawyer in Illinois before coming to this state, filed with the clerk of this court his application to be admitted to the bar of California. He accompanied his application with an affidavit, in the form prescribed for that purpose, wherein he swore that, so far as he was aware, no charges of unprofessional conduct or proceedings for disbarment had been filed against him before any bar

association, court, or other body. On the recommendation of the board of bar examiners, to whom his application had been referred, this court, on March 8, 1920, made its order admitting him to practice law in all the courts of this state. The Los Angeles County Bar Association has filed a petition for the revocation of that order, alleging that Lasley's affidavit was false, in that, while practicing his profession in Illinois, charges of unprofessional conduct had been filed against him before the Peoria Bar Association. Lasley filed an answer which, admitting that charges had been preferred against him as alleged, attempts to justify his false affidavit by pleading, with much detail, that the charges were false and destitute of merit. He admits that when he filed the affidavit in this court he was fully aware of the charges previously made against him in Illinois.

[1] Lasley's affidavit that he had never been charged with unprofessional conduct and his concealment of the fact of such charges was a fraud upon this court and upon the bar examiners. Regardless of whether the charges against him were well or ill founded it was his duty to report them to this court and to the board of bar examiners, and to set forth in his affidavit a truthful statement of all the facts, in order that his previous record might be carefully delved into by those charged with that responsibility. (*In re Mash*, 28 Cal. App. 692 [153 Pac. 961].)

The order heretofore made admitting James Frank Lasley to practice in the courts of this state is set aside, his license is revoked, and his name is stricken from the roll of attorneys and counselors at law.

Works, J., and Craig, J., concurred.