[Civ. No. 6148. Second Appellate District, Division Two.—February 7, 1929.]

In the Matter of ALBERT W. HOLLAND.

R. H. Purdue for the State Bar of California.

No appearance for Respondent.

THOMPSON (IRA F.), J.—■ Albert W. Holland was admitted to practice in all the courts of California by an order made by this court on the eighth day of November, 1926. The present proceeding is one to revoke and cancel his license to practice law on the ground that the order was procured by fraud and the concealment of facts establishing a bad moral character. Jurisdiction over the person of the respondent has been acquired by the publication of the citation for the period of thirty days, for the reason that it appeared by affidavit that he could not after due diligence be found within the state. Ample authority for this procedure is found in the inherent power of the court over its officers, coupled with section 187 of the Code of Civil Procedure. The time fixed is that established for the publication of citations in disbarment proceedings. ■ The verified petition of the State Bar discloses that respondent sought admission to the bar of California on August 29, 1925, upon the representations that he was admitted to practice before the highest court in the Philippine Islands; that he had never been charged before any court with crime amounting either to a felony or misdemeanor involving moral turpitude; and that he had been engaged in actual practice for a period of at least three years within a period of seven years immediately preceding the filing of his application. The proof establishes that the respondent appeared September 21, 1925, before John E. Biby, one of the State Board of Bar Examiners, to whom the matter was referred by this court, and testified that he was admitted to the profession in Manila in 1915 and there engaged in practice until 1925; that he had never been charged with conduct involving moral turpitude; and that there was

nothing adversely affecting his character which ought to be revealed. The testimony also developed the fact that prior to 1920 the respondent had been convicted of a number of offenses, including attempted rape, embezzlement of money, and falsification of public records, and sentenced to a term aggregating better than twenty years; and that he was finally pardoned on condition that he leave the Islands, never to return. The proof indicates but fails to establish that the certificate which respondent presented that he was an attorney in good standing before the courts of the Philippine Islands was forged. This circumstance can make no difference to the outcome of this proceeding. Nor is it necessary to comment at any great length upon the situation. It cannot be doubted that an obligation rested upon the respondent to reveal to this court at the time of his application the several convictions of offenses against the law instead of concealing the same and averring that he had never been charged with an offense involving moral turpitude. Nor can it be questioned that such conduct constitutes a fraud upon this court which upon principle and precedent (see *In re Mash*, 28 Cal. App. 692 [153 Pac. 961] and *In re Wells*, 174 Cal. 467 [163 Pac. 657]) authorizes and compels us to revoke the license granted.

The license to practice law in this state heretofore granted to Albert W. Holland by this court is revoked and canceled and his name is ordered stricken from the roll of attorneys and counsellors at law.

Works, P. J., and Craig, J., concurred.