[Civ. No. 6764. Second Appellate District, Division One.—January 21, 1930.]

THE STATE BAR OF CALIFORNIA, Petitioner, v. THEODORE TORREY HULL, Respondent.

Gibson, Dunn & Crutcher and Norman S. Sterry for Petitioner.

Alfred L. Armstrong, Fred Aberle, Lorrin Andrews, Vernon Bettin, Leonard M. Comegys, Clive W. Johnson, Laurence B. Martin, C. Fletcher Quillian, Victor M. Koenig, Paul Schwab, Steadman G. Smith and Carl Yokum for Respondent.

CONREY, P. J.—In the year 1915 respondent Hull obtained from the Supreme Court of Indiana an order admitting him to practice law in that state. Said order has never been vacated or set aside. In the year 1920 and while respondent was practicing law in the state of Indiana an indictment was found and returned in the District Court of the United States, for the district of Indiana, against respondent Hull and one Heldt, an officer of a bank at Evansville. In the indictment it was charged that Heldt, as assistant cashier of the bank, fraudulently and feloniously, and with intent to injure the bank, wilfully misapplied certain funds and credits of the bank for the use and benefit of Hull. It was further charged that Hull did fraudulently and feloniously aid and abet said Heldt in commission of the crime, the circumstances whereof are fully set forth in the indictment. Both defendants were convicted and respondent Hull was sentenced to serve a term of eighteen months in the federal penitentiary at Leavenworth. After having served his term respondent came to California and on June 21, 1923, filed in this court his application to be admitted to practice law in all the courts of this state. In connection with said application he made an affidavit which contained the following statement: "That affiant has never been charged before any court with crime amounting to either felony or misdemeanor involving moral turpitude." This application was in due course referred to the State Board of Bar Examiners for examination as to the applicant's moral and other qualifications. The board appointed Mr. John E. Biby, an attorney at law in Los Angeles, to examine and report. After Mr. Biby had made his examination, which included an oral interview with the applicant, a favorable report was filed; whereupon the Board of Examiners made a favorable report to this court and the applicant obtained the order admitting him to practice in this state. The applicant did not at any time give information to Mr. Biby or the Board of Examiners of this state, in any way concerning or relating to the above-mentioned indictment and conviction.

All the foregoing facts are set forth in the petition herein and are not denied in the answer filed by respondent. The petition further alleges that in the course of his examination

by Mr. Biby, respondent with intent and purpose to deceive stated to Mr. Biby that he had never been charged with any conduct involving moral turpitude, never been arrested for any cause, and that there was nothing adversely affecting his character at any time which would have disclosed anything bearing upon his application for admission to practice in this state. The petition further alleges that respondent intentionally and fraudulently concealed the fact that during fourteen months of the time that he represented to Mr. Biby that he had been in continuous and active practice of the law in Evansville he was confined in the penitentiary.

The answer filed by respondent denies that he stated to Mr. Biby that he had been continuously in the practice of law in Evansville for the stated period and denies that he fraudulently or with intent to deceive stated positively, or at all, that he had never been charged with any conduct involving moral turpitude nor had he ever been arrested for any cause, except the respondent did state to Mr. Biby that he had never been charged with any crime or felony involving moral turpitude. Respondent says he had fully satisfied himself and fully believed that the charge against him and the ensuing judgment did not involve moral turpitude on his part and did not come within the province of the examination by Mr. Biby and therefore did not inform said Mr. Biby of his conviction; that in not informing Mr. Biby as to said fact he was innocent of any thought of wrongdoing or any desire to misrepresent any facts before this court or said Biby. On the ground of want of knowledge as to whether or not in making its order admitting him to practice this court was in entire ignorance of his conviction respondent denies the same. There is a similar denial in relation to the state board of bar examiners in its favorable recommendation made to this court and in relation to the recommendation made by Mr. Biby. There is an affirmative defense in which respondent asserts that he did not volunteer information about said adverse facts for the reason that said charge and conviction did not involve moral turpitude on his part and that he was not under any duty to disclose said facts. He alleges he possesses all the qualifications at the present time to authorize his admittance to the practice of law and in fact had these qualifications at the time he was admitted to practice by this court and asks that he be

permitted to present testimony to establish those facts. It will be noted that respondent does not allege or offer to prove that the board of examiners in making its favorable recommendation, or this court in making its admission, had any knowledge of the indictment or conviction. If the court or the board of examiners had had any such knowledge or information it would have been their duty to examine further concerning those matters in order to determine whether, notwithstanding said indictment and conviction, the applicant was entitled to be admitted to practice his profession in this state. ▮ Upon the presumption that official duty has been regularly performed (Code Civ. Proc., sec. 1963, subd. 15) it must be assumed, in the absence of any claim or evidence to the contrary, that the board of examiners and the court were wholly without knowledge or information concerning said indictment or conviction. ▮ It is too plain for argument that the charges upon which respondent was convicted involved moral turpitude. While the offense is, in section 5209 of the Revised Statutes of the United States (12 U. S. C. A., sec. 592), described as a misdemeanor, that description is supplemented by section 335 of the federal Penal Code of 1909 (18 U. S. C. A., sec. 541), where it is provided that all offenses which may be punished by death or imprisonment for a term exceeding one year, shall be deemed felonies. The nature of the charges upon which respondent had been convicted were such that he had no right to withhold the facts from the court in connection with his application for admission to practice law. He had no right to decide for himself a question which necessarily would have an important bearing upon the inquiries to be made by the court in connection with his application. The situation presented by this defense is similar to that existing in *In re Mash,* 28 Cal. App. 692, 697 [153 Pac. 961, 963], where the First District Court of Appeal said: "In other words, having convinced himself that he was innocent of the charges previously preferred against him he concluded that even if the court had been informed thereof, it would have treated them as matters of little or no moment. If we were to concede the sufficiency of such a defense we would practically oust ourselves of jurisdiction to pass on the moral character of an applicant

to practice law. Regardless of whether the charges previously preferred against the respondent were well or ill founded, we hold that it was his duty to reveal to this court the fact that they had been preferred and prosecuted and had resulted in his conviction and disbarment. His failure to do so cannot be regarded as other than a wilful deception which requires this court—if it is to give effect to that provision of the law permitting only persons of good moral character to be licensed to practice law in the courts of the state, and to maintain the dignity and decency of its bar— to revoke the license previously granted to him.''

Petitioner has demurred to the answer and has moved for judgment on the pleadings. The demurrer is sustained and the motion is granted. It is ordered that the license to practice law in this state heretofore granted by this court to the said Theodore Torrey Hull (also named in the record as Theodore T. Hull) be and the same is hereby revoked and canceled, and that respondent's name be stricken from the roll of attorneys and counselors at law in this state.

Houser, J., and York, J., concurred.