[1] Victor L. Jacobsen was admitted to practice before all of the courts of this state by an order made on June 14, 1926. This is a petition for the revocation of that order. The affidavit of Jacobsen supporting his application for admission contained the following language: "That so far as affiant is aware, no charges of unprofessional conduct or proceedings for disbarment have been filed against affiant before any bar association, court or other body." It is now made to appear, however, *Page 237 
that this statement was false; that prior to the application the applicant had been disbarred by the Court of Common Pleas of Cuyahoga County, state of Ohio, and that the judgment had been reversed by the Court of Appeals of the Eighth District of that state; that in addition thereto other charges had been preferred against him before the Cleveland Bar Association; and that he had appeared before the grievance committee of that body to answer to the charges. [2] We see no merit in the uncorroborated claim of respondent that he told one of his sponsors before his application for admission here the full details of the complaint, which resulted first in a judgment of disbarment, later reversed by the Court of Appeals, and was by him advised that it was unnecessary to mention the fact. The language of the affidavit is clear, explicit and comprehensive. Candor and honesty dictated that the facts be set forth. These virtues in the members of the profession have ranked as indispensable for several centuries and are essential to him who would fulfill his primary duty: that of aiding in the administration of justice. Not only are they time honored, but their possession is a universal requirement in all enlightened countries. It is impossible, therefore, for a lawyer to shield himself from the consequences of untruthful and false statements by placing the burden upon another's shoulders. The same response must be made to his claim that he does not remember receiving notice of the hearing upon the other charges before the grievance committee of the Cleveland Bar Association. It is evident that he appeared there and attempted to defend himself. His statement that he thought the charges related to a man named Laudato, who was known to him not to be a lawyer, is too flimsy to merit any consideration, except that it does indicate the insincerity with which he has dealt and apparently hopes to continue to deal with this and other tribunals of justice. We have no hesitancy in applying the words of this court in In reLasley, 61 Cal.App. 59 [214 P. 284], as follows: "Regardless of whether the charges against him were well or ill founded it was his duty to report them to this court and to the board of bar examiners, and to set forth in his affidavit a truthful statement of all facts, in order that his previous record might be carefully *Page 238 
delved into by those charged with that responsibility" to the facts here.
The order admitting Victor L. Jacobsen to practice law is set aside and his license revoked.
Craig, Acting P.J., concurred.
Works, P.J., being absent, did not participate.