[Civ. No. 7197. Second Appellate District, Division One.—May 27, 1932.]

EUGENE J. RINALDO, Respondent, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Otto J. Emme for Appellants.

L. E. Dadmun for Respondent.

HOUSER, J.—Based upon a complaint filed with the appellant Board of Medical Examiners, and after a hearing had thereon, the said board ordered a revocation of a former license theretofore granted by it to respondent Rinaldo to practice medicine and surgery in the state of California. Thereafter, and following an appeal from an order issued by the superior court by which Rinaldo was denied a writ of *certiorari*, judgment was rendered by the District Court of Appeal by which the order of the superior court was reversed. (93 Cal. App. 72.) Thereupon by formal order, the superior court vacated its former judgment in the matter and rendered a new judgment thereon by which, among other things, the said Board of Medical Examiners was directed "to cancel its order revoking the license of petitioner, Eugene J. Rinaldo"; and it was further ordered that "the Board of Medical Examiners may take any and such other proceedings as they may see fit in conformity with the judgment and order of court this day herein rendered, and in conformity with the opinion of the District Court of Appeal, Second Appellate District, Division No. One, in the above entitled matter".

Shortly thereafter a new complaint against Rinaldo was filed with the Board of Medical Examiners; following which, Rinaldo petitioned the superior court for a writ of prohibition to be directed to said board by which, if granted, as to

any or all of the grievances stated in either or both of the complaints theretofore filed against Rinaldo, the Board of Medical Examiners would be enjoined from revoking Rinaldo's license to practice medicine and surgery within the state of California. A demurrer to such petition was overruled by the trial court. The Board of Medical Examiners filed an answer to the petition, but later withdrew the same. Thereupon a judgment was rendered by said court in accordance with the prayer of said petition, and in substance as hereinbefore indicated. It is from such judgment that the appeal herein is prosecuted.

As between the parties to this appeal, it appears to be conceded that the reason relied upon by the trial court for overruling the demurrer to the petition for the writ of prohibition, together with the rendition of the ensuing judgment thereon, was that the former judgment between the same parties was *"res judicata"*, and that in consequence thereof, as to the allegations of fact contained in the first complaint against Rinaldo, such judgment forbade any subsequent determination of such issues of fact or the rendition of an order thereon by the Board of Medical Examiners.

From a consideration of the language employed by the superior court in the rendition of its final judgment, which followed the decision by this court on its hearing of the appeal to which reference has been had (93 Cal. App. 72 [268 Pac. 1076]), it would appear that the purpose and intent of said final judgment of the superior court was to set aside the first order made by the Board of Medical Examiners, but not to restrict or limit the said board in the matter from taking "any and such other proceedings" as to it might seem fit,—all in conformity with "such judgment and order" of the superior court and in conformity with the opinion theretofore rendered by the District Court of Appeal. In effect, the precise point for determination is whether the filing of the new complaint against Rinaldo, together with the allegations therein contained, constituted a breach of the order set forth in said judgment, or was inconsistent with the judgment and opinion theretofore rendered by the District Court of Appeal.

As hereinbefore has been indicated, the procedure thereafter followed by the Board of Medical Examiners was

that a new complaint was filed against Rinaldo, which in its substance covered not only the same cause of action which was set forth in the first complaint, but also included therein other facts which in reality constituted an additional cause of action.

In reaching a conclusion with reference to the question presented, this court is concerned not so much with the general principles which appertain to the doctrine of *"res judicata"* as it is with a determination of what construction should be given to or placed upon the judgment here under consideration. It is at once apparent that the language employed in the judgment must receive its construction from the "intent" with which it was used. In order to discover, if possible, just what meaning should be ascribed to such language, as in the construction of other instruments, it becomes necessary, or at least advisable, as far as legally practicable and admissible for the purpose, that the situation of the lower court and the general circumstances which at that time were present, or which formerly related thereto, should be taken into consideration. Having reference to the record herein, as well as to the full text of the opinion delivered by the District Court of Appeal on the former appeal, it is ascertained that, in substance, the principal question at issue on such appeal, and in fact the turning point in the decision thereof, related solely to a determination as to whether the order by which the Board of Medical Examiners theretofore had revoked the license of Rinaldo to practice medicine and surgery in this state, might legally be based entirely upon hearsay or incompetent evidence. The review by this court of the proceedings had in the matter before the Board of Medical Examiners was identical with a review of the order of any other board, commission or tribunal, which was before or which might be brought into this court. In the situation there presented, the only power possessed by this court was to determine whether the Board of Medical Examiners had exceeded its jurisidction solely with reference to the rendition of its order or judgment which had been based entirely upon incompetent evidence. This court having determined that, on the hearing had by the Board of Medical Examiners of the charge against Rinaldo, no competent evidence had been received, the inevitable conclusion that, solely

in that particular, the Board of Medical Examiners had exceeded its jurisdiction, necessarily followed. But nowhere in the opinion rendered thereon by the District Court of Appeal is it expressly stated, or even remotely intimated, that the Board of Medical Examiners was acting in excess of its jurisdiction in any other particular. The question whether the complaint against Rinaldo as filed contained such a statement of facts as legally constituted a cause of action against him was neither presented on the appeal, nor discussed, nor attempted to be decided in the opinion rendered by the District Court of Appeal. The foundation for the judgment of this court rested solely and exclusively upon the inadequacy of hearsay evidence to support the order theretofore made by the Board of Medical Examiners. It did not deal nor purport to deal with any other situation; and it therefore becomes apparent that by the order of the superior court to the effect that the Board of Medical Examiners might "take any and such other proceedings as it might see fit", no limitation whatsoever was placed upon the usual legal procedure which ordinarily would follow or might be pursued in the premises. It therefore follows that the doctrine of *"res judicata"* has no application to the facts herein.

But it is further contended by respondent Rinaldo that for the asserted reason that the charge or complaint against him failed to state a cause of action or legal reason why his license to practice medicine and surgery within the state of California should be revoked, the Board of Medical Examiners was without jurisdiction to proceed in the matter, and hence, that the demurrer to the petition for a writ of prohibition filed in the superior court was properly overruled, and consequently, that the ensuing judgment should be affirmed.

An examination of the complaint in question discloses the fact that the basis of the charge against Rinaldo was that "he is and has been guilty of unprofessional conduct in that the said defendant procured the aforesaid license to practice medicine and surgery in the state of California by fraud and deceit and in particular as follows:" (stating details). It also appears from the allegations of the said complaint that the certificate by which Rinaldo was licensed to practice medicine and surgery within this state "was

based and issued by reciprocity" upon certain designated certificates and "upon the assumption that the facts stated therein were true". In substance, the said certificates were:

"(1) A certificate issued by the State of Missouri on July 14, 1920, licensing defendant to practice medicine and surgery in said state which certificate contained a certification that it was based and issued upon a diploma and an M. D. degree issued by the St. Louis College of Physicians and Surgeons, April 17, 1908, and upon a written examination given by the board of medical examiners of the state of Missouri;

"(2) A certificate signed by one Wm. P. Sachs stating of the defendant 'Before beginning the last half of the second year in the study of medicine, he has completed a course which includes at least one year of work of college grade in each of the subjects of physics, chemistry and biology.'"

The complaint contains additional allegations to the effect that Rinaldo "did represent that such certificates were valid and existing and *that the facts set forth therein were true"*; but that to the knowledge of Rinaldo, none of them was true; to the contrary, that each was and all of them were, made by Rinaldo with the intent and purpose on his part to deceive the Board of Medical Examiners and thereby "to cause said Board to issue to said defendant a license and certificate to practice medicine and surgery in the State of California"; and that the existence of said facts was a condition precedent and a necessary requirement to the issuance of said license, etc.

With reference to the sufficiency of the pleading, it is specifically urged by respondent that since Rinaldo was licensed to practice medicine and surgery within this state "by reciprocity" on a certificate issued by the state of Missouri, which latter certificate purportedly was based upon an alleged degree theretofore conferred upon Rinaldo by the St. Louis College of Physicians and Surgeons, and upon a written examination,—the Board of Medical Examiners of this state was bound by the statement of facts contained in the Missouri certificate and was powerless to discover what was the truth in the matter, or to act upon the latter condition should it be shown to be at variance with the facts

contained in either certificate. However, it is unnecessary that this court take the time which might be required to reach and render a decision on that particular question. It will be noted that although not separately stated, in effect the complaint consists of two charges or specifications of "unprofessional conduct" on the part of Rinaldo; that is to say: (1), that he falsely represented to the Board of Medical Examiners "that said certificates were valid and existing"; and (2), that the facts set forth therein were true.

It is apparent that even though the certificates were genuine, or if, as in effect is contended by respondent, they were unassailable by appellant, nevertheless if as an additional and independent element of the alleged unprofessional conduct of Rinaldo, he falsely stated or represented "that the *facts* set forth therein were true", such an allegation in the complaint (especially in view ,of the detailed particulars thereof) would constitute such a charge against Rinaldo as would state a cause of action against him, within the jurisdiction of the Board of Medical Examiners. (*In re Lasley,* 61 Cal. App. 59 [214 Pac. 284]; *State Bar* v. *Hull,* 103 Cal. App. 302 [284 Pac. 492]; *In re Mash,* 28 Cal. App. 692 [153 Pac. 961].) Whether on the hearing of the charges preferred against Rinaldo the allegations of the complaint could be sustained was wholly immaterial. Nor is it vital to such question that the allegations of the complaint be perfect either in form or in substance. Clearly a *bona fide* attempt to state a cause of action against Rinaldo on the ground that he had been guilty of "unprofessional conduct" in that in his application for a license to practice medicine and surgery within this state he had intentionally made misstatements of necessary and elemental facts, by reason of which, and in reliance thereon, the Board of Medical Examiners had been induced to and did issue to him the license or certificate for which he had applied, and which would not have been done had such misrepresentations not been made, constituted such a sufficient foundation for the statement of such a cause of action as is authorized by the statute as to create jurisdiction of the subject matter in the Board of Medical Examiners.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1932, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1932.