[Civ. No. 9067.   Second Appellate District, Division One.—December 7, 1933.]

EUGENE J. RINALDO, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

L. E. Dadmun for Appellant.

Oscar Richard Cummins and Bayard R. Rountree for Respondents.

CONREY, P. J.—On motion of respondents, under Rule V, subdivision 3, of the Rules for the Supreme Court and District Courts of Appeal, for an order dismissing appeal or affirming the judgment.

This is the second appeal arising out of this proceeding. On the former appeal (123 Cal. App. 712 [12 Pac. (2d) 32]), it was decided that the petition for the writ of prohibition did not state facts sufficient to authorize the issuance of the writ, and therefore that the demurrer to the petition should have been sustained. By that decision it was determined that the complaint on which the Board of Medical Examiners was proceeding against Rinaldo stated facts which, assuming the truth of the allegations, would authorize the board to cancel the license of said Rinaldo to practice medicine and surgery within the state of California.

The judgment thus having been reversed, the petitioner was by the superior court permitted to file an amended and supplemental petition, to which respondents demurred and the demurrer was sustained. Thereafter, in due course, judgment was entered denying the application for peremptory writ of prohibition. The present appeal is from this last judgment.

The contention by appellant that one of the members of the Board of Medical Examiners was disqualified to sit and hear and determine the charge against petitioner pre-

sents practically the same question which was decided adversely to appellant's contention in the case of *Dyment* v. *Board of Medical Examiners*, 93 Cal. App. 65 [268 Pac. 1073]. ■ Appellant next contends that the writ should have been granted upon the ground that the Board of Medical Examiners has no jurisdiction "to delve into and determine" whether the Missouri license of petitioner is valid. On this point the record before us is not materially different from that presented upon the former appeal. The record shows now, as it did then, that the complaint before the board, in addition to its other allegations relating to the reciprocity certificates, alleges that Rinaldo did represent that such certificates were valid and existing and that the facts set forth therein were true, whereas to his knowledge none of them was true. (*Rinaldo* v. *Board of Medical Examiners*, 123 Cal. App. 712, 717 [12 Pac. (2d) 32].)

■ Finally it is contended by appellant that because the amended and supplemental petition stated, and the demurrer necessarily admitted, that the Board of Medical Examiners intended to try the charges against petitioner on the eighteenth day of October, 1932, notwithstanding that the alternative writ of prohibition was still in force, this fact entitled appellant to the demanded permanent writ of prohibition. There is no merit in this point. If by proceeding at that time the board was violating any command contained in the alternative writ, there was another and more appropriate available method of enforcing the authority of the court.

As there appears to be no merit in the appeal, and no question presented which would justify further discussion, the motion to affirm should be granted.

For the foregoing reasons the judgment is affirmed.

Houser, J., and York, J., concurred.