[S. F. No. 18981. In Bank. Nov. 16, 1954.]

THE STATE BAR, Petitioner v. ELI DAVID LANGERT, Respondent.

Garrett H. Elmore and Jack A. Hayes for Petitioner.

Fitz-Gerald Ames, Sr., Jack H. Werchick and Harold A. Galloway for Respondent.

EDMONDS, J.—This original proceeding was brought by The State Bar to revoke an order admitting Eli David Langert to practice as an attorney at law. The petition alleges that Langert, with intent to conceal from the Committee of Bar Examiners certain material facts relating to his moral qualifications, knowingly falsified in answering certain questions bearing upon his eligibility to become a member of the bar of this state.

More specifically, The State Bar pleads the following facts:

In 1944, in his verified application to take the bar examination, Langert stated that he had never previously been examined for admission to practice law except in this state in 1943; that he had never held a license, the procurement of which required proof of good character; that he had never been reprimanded, censured or otherwise disciplined as an attorney or member of any profession or organization and that no charges had ever been made or filed or proceedings instituted against him. Other answers made by him were that his various addresses from 1927 to 1938 were Chicago, Illinois; Peoria, Illinois; and Henry, Illinois. During the same period, he said, he had worked in several capacities, none of which was the practice of law.

Langert took the bar examination and received a passing grade. Thereafter, the committee certified to this court that he had met the requirements for admission to practice, and recommended that he be admitted. The order admitting him to practice was entered in December, 1944.

Upon information and belief, The State Bar alleges that, contrary to the statements in the application, Langert, upon an examination in Illinois, was admitted to the practice of law in that state in 1927; that his only address from 1927 to 1938 was Rock Island, Illinois, in which city for the same

period he was actively engaged in the practice of law. It is also said that five charges of unprofessional conduct as an attorney were made against him before the Grievance Committee of the Fourth Judicial District of the State of Illinois prior to August, 1938, to which Langert had filed written answers. A further statement in the petition is that subsequent to August, 1938, after Langert had left Rock Island, three additional charges were filed.

In 1941, the petition continues, the Committee on Grievances of the Illinois State Bar Association, acting as commissioners of the Illinois Supreme Court, held a hearing on the eight charges. The committee found that three of these charges, all of which were filed before August, 1938, and of which he had actual knowledge, were true and recommended that Langert be disbarred. Thereafter, the Board of Governors of the Illinois State Bar Association referred the matter back to the Committee on Grievances to prepare a more complete record. There were no further proceedings in the State of Illinois.

The State Bar has presented the testimony of Langert before a committee appointed to investigate the record upon which he obtained admission to practice in the state. He freely told the committee that certain of the addresses and employments he had given in his application were untrue. He also admitted his practice of law in Illinois and the filing of charges against him upon which the Board of Governors and the Committee on Grievances of the Illinois State Bar Association, acting as Commissioners of the Supreme Court of Illinois, recommended disbarment.

In his return to the petition of The State Bar, Langert also admits the falsity of his answers but he pleads that they were justified by his circumstances. He says that the fictitious list of residences and employments in Illinois was compiled upon the recommendation of a local employment agency "in keeping with local custom" and was "necessitated by his economic situation." He continued this deception, he adds, on three applications made to obtain a bond. This was done "in order to be consistent."

At the time he left Illinois, he also pleads, he "was advised that all proceedings then pending against him before the Grievance Committee . . . would be dropped and expunged from the record . . . [and] that at the time he made his applications for the Bar Examination . . . he fully believed that all proceedings had been dropped and expunged from

the record. . . ." "His economic position was precarious and he feared that if he failed to pass the Bar Examination and lost his position at about the same time [as a consequence of informing The State Bar of his past activities], that he would be unable to provide for himself and his family." Finally, he says, had he disclosed his past history in its entirety, his former wife would have learned of his whereabouts and caused him and his second wife extreme embarrassment.

■ It was Langert's plain duty to truly reply to the questions asked by the Committee of Bar Examiners. (*In re Jacobsen*, 105 Cal.App. 236 [287 P. 131]; *In re Lasley*, 61 Cal. App. 59, 60 [214 P. 284].) The facts with respect to his prior conduct in the practice of the law in Illinois might have justified an order refusing to allow him to take the bar examination in this state. Truthful answers to questions bearing upon his conduct in the communities in which he had lived before coming to California, at the least, would have justified further investigation of his record. The only reasonable inference which may be drawn from the record is that the committee's approval of Langert as an applicant for the bar examination and its subsequent certification of him as one who had met the requirements for admission to practice law were based upon the admittedly false answers in his application.

■ A deliberate concealment of charges of misconduct in another state has consistently been held grounds for revocation of a license by the courts of California. (*Spears* v. *State Bar*, 211 Cal. 183 [294 P. 697, 72 A.L.R. 923]; *In re Jacobsen*, 105 Cal.App. 236 [287 P. 131]; *In re Lasley*, 61 Cal.App. 59 [214 P. 284]; *In re Wells*, 36 Cal.App. 785 [172 P. 93]; *In re Mash*, 28 Cal.App. 692 [153 P. 961].)

Langert relies upon *In re Hovey*, 7 Cal.Unrep. 203 [81 P. 1019], as authority to the contrary. But Hovey made no false affidavit and was admitted upon motion. The question here is whether a deliberate concealment of a material fact in a verified application to the Committee of Bar Examiners justifies revocation of the order admitting one to practice.

Langert argues that he is entitled to have the issue of his moral character redetermined by this court. He contends that the order admitting him to practice should stand unless this court finds that at the present time he is not of good character. He contends that *In re Wells*, 174 Cal. 467 [163 P. 657] justifies such procedure.

In that case, it was alleged that Wells twice withdrew an application to the District Court of Appeal, Second District, because objections to his character had been filed. He then went to Nevada, was admitted to the bar of that state and returned immediately to California. He applied to the District Court of Appeal, Third District, and was admitted to practice under the provisions of section 279 of the Code of Civil Procedure as then in effect. Thereafter, the Bar Association of Orange County filed a petition to vacate the order admitting him to practice upon the ground that it had been obtained by the fraudulent concealment of his prior applications.

When the matter reached this court it said: ''If the allegations are true they tend to show that he was conscious of the fact that he could not gain admission in any forum where he would be met by evidence regarding his character, and that to avoid this necessity and evade the efforts of the Bar Association to prevent his admission he resorted to the circuitous method above detailed, took advantage of the lack of knowledge by the justices of the third district concerning his case, and thus procured the order, notwithstanding his unworthiness. His conduct in this respect not only constituted a fraud upon the court but it affords additional proof that he is not a fit person for admission to the bar.'' (*In re Wells*, 174 Cal. 467, 477 [163 P. 657].)

Upon a further hearing in the District Court of Appeal to determine the truthfulness of the allegations of the petition in regard to the conduct of Wells, it held: '' [W]e are not required, under the view we now take of this proceeding, to pass upon or undertake to determine the merits of the several charges upon which objection to the admission of Wells to practice law by the second district court of appeal was predicated. . . . It is enough, to justify this court in revoking its order admitting him to practice in the courts of California under the circumstances alleged in the petition, to know, as we do know, that, when he applied here for admission, he failed to apprise this court of the fact that he had previously applied on two different occasions to another court of co-ordinate general jurisdiction with this court to be admitted to practice and had withdrawn said applications when confronted with an objection by the Bar Association of the county in which he resided to his admission founded upon charges impeaching his personal character for those traits which are justly esteemed as among the first essentials of a practicing lawyer. We do not hold, assuming that there

was substantial foundation for the charges, that he should then have admitted them to be true, but it cannot for a moment be questioned that it was his duty to have informed this court, at the time his application was presented to us, that he had withdrawn the previous applications upon the filing of charges involving an attack upon his moral fitness to be admitted into the practice of the law. This court was entitled to be put in possession of this information at the time mentioned, not that the fact of the mere filing of the charges and the subsequent acts of the respondent in withdrawing the applications would in and of themselves be sufficient or have been deemed sufficient to warrant a refusal to admit him, but that this court might then, as it would have been its duty to do in such case, have prosecuted an investigation for the purpose of ascertaining and determining whether the objection to his admission interposed in the court of appeal of the second district was or was not well founded. To this extent we hold that the respondent acted in bad faith with and thus imposed upon this court, and while we are not prepared to say that he purposely intended to do so, the necessary legal effect of his omission to furnish the court with the information mentioned at the time he presented his application amounted to a fraud upon the court and the justices thereof." (*In re Wells*, 36 Cal.App. 785, 790 [172 P. 93].)

The facts admitted by Langert are quite different from those shown in the record upon which *State Bar* v. *Rollinson*, 213 Cal. 36 [1 P.2d 428], was decided. When Rollinson applied for admission to the bar of California he stated that no charges of unprofessional conduct or proceedings for disbarment had been filed against him before any bar association or court. After his admission, The State Bar challenged this statement as being untrue and showed that proceedings for his disbarment had been instituted in Indiana. Rollinson's defense was that at the time he verified his application in this state, he believed the answer to be true.

The evidence presented to support that defense was that the charges against him had not been filed in good faith and were founded upon facts not susceptible of proof. Before there was any hearing as to their merits, the proponents voluntarily withdrew them. When he was asked whether any charges relating to the practice of law ever had been filed against him, Rollinson consulted the judge in Indiana before whom the accusation in that state had been laid. "He was thereupon advised by said judge that the dismissal of the charges with-

out a hearing by the parties preferring the same amounted in substance and effect to such a withdrawal thereof as would place him in the position as though such charges had never been made. . . .'' (P. 41.)

Langert takes the position that whether the proceedings in Illinois were ''well or ill founded is not an issue.'' This is the rule stated and applied by the District Court of Appeal in the Wells case. The merits of the charges previously made against an applicant for admission to the bar is not the determinative factor when he conceals the fact that such charges were filed. It is the standard of conduct of the applicant in his dealings with the Committee of Bar Examiners which must be considered in passing upon the issue of fraud presented by a petition of The State Bar to vacate an order admitting him to practice.

Not only did Langert falsify the facts as to his previous professional record and the places where he resided before coming to California but, from the commencement of the present proceeding, he has consistently resorted to dilatory and evasive tactics which have delayed a decision in the matter for approximately one year. Candor and frankness should be the primary concern of a lawyer, particularly in dealing with the validity of his license.

If it be assumed that Langert had some reasonable basis for believing, as he asserts, that the charges filed against him in Illinois ''had been dropped and expunged from the record,'' he has shown no legal excuse for concealing from the Committee of Bar Examiners the places of his residence before coming to California. Such concealment is strong evidence of an intention to prevent the committee from ascertaining the facts, whatever they may be, as to those charges. As was said in *Spears* v. *State Bar*, 211 Cal. 183, 187 [294 P. 697, 72 A.L.R. 923] : ''We are aware that this requirement [to make a full disclosure of any charges made against him] calls for a high degree of frankness and truthfulness on the part of the attorney making application for admission to practice law in this state, but no good reason presents itself why such a high standard of integrity should not be required.''

The only reasonable inference which may be drawn from the record is that the committee's approval of Langert as an applicant qualified to take the bar examination, and its subsequent certification of him as one who had met the requirements for admission to the bar, were based upon the

admittedly false answers in his application. In these circumstances the duty of the court is clear.

The motion to strike out certain of the allegations of the petition of The State Bar is denied. The order admitting Eli David Langert to practice law in this state is vacated; his license is cancelled and his name stricken from the roll of attorneys, effective 30 days from the date of the filing of this opinion.

Shenk, Acting C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and Peek, J. pro tem.,* concurred.

Respondent's petition for a rehearing was denied December 15, 1954.

*Assigned by Chairman of Judicial Council.