[S. F. No. 14096. In Bank.—June 26, 1931.]

## THE STATE BAR OF CALIFORNIA, Petitioner, v. CHARLES W. ROLLINSON, Respondent.

Overton, Lyman & Plumb for Petitioner.

Dana R. Weller, Chas. J. Orbison and Don S. Irwin for Respondent.

THE COURT.—Charles W. Rollinson applied to this court for a review of the decision of the District Court of Appeal

in and for the Second Appellate District, Division One, revoking his license to practice law in the state of California. The proceeding before said tribunal was initiated by The State Bar of California through the presentation on or about April 28, 1930, of a petition on behalf of that body praying that the license of said Rollinson, the petitioner herein, to practice law in this state, which license had been issued to him by said court on or about March 23, 1925, be revoked. In support of its petition The State Bar alleged as the only ground for the granting thereof that the license of said petitioner then issued had been fraudulently procured through the concealment by Rollinson of the fact that some years previously, while he was a practitioner before the bar of the state of Indiana, proceedings for his disbarment had been instituted in that state, which proceedings had been subsequently dismissed. Upon a hearing upon said petition a stipulation as to the facts had been entered into between the representatives of The State Bar and the petitioner herein and which stipulation formed the basis for the order made by said tribunal revoking the license of this petitioner and which, relying in the main upon said stipulated facts, he herein seeks to have reviewed. The facts as therein agreed to may be more briefly stated as follows:

On or about May 29, 1912, Charles W. Rollinson, after a course of training pursued in the schools and colleges of Indiana, of which state he was a native, and after an examination, was duly and regularly admitted to practice as an attorney and counselor at law in all the courts of said state. He then engaged and continued in the practice of the law therein successfully and creditably for the period of about ten years. While thus engaged and on or about June 15, 1922, a disbarment proceeding was instituted against him in the Circuit Court of Marion County, Indiana, said proceeding being entitled "State of Indiana on Relation of Lewis A. Coleman vs. Charles W. Rollinson." An examination of the record herein shows that the complaint in said proceeding consisted in the main of generalities and was unverified. The defendant in due course appeared to oppose said petition, to demand that the same be made specific and be verified. Shortly thereafter the venue of said proceeding was changed from the Circuit Court of Marion County to the

Circuit Court of Hancock County, state of Indiana. Subsequent to the change of venue and on or about May 16, 1923, an amended complaint was filed in said proceeding, consisting of specific averments of alleged unethical practices on the part of said defendant, who thereafter through a firm of attorneys filed in said latter court a motion to strike out certain of the specifications embraced in said amended complaint upon specified grounds, which motion was granted by said court. Thereafter the plaintiff in said proceeding filed two supplemental complaints, to which the defendant responded with specific denials and with motions to strike out certain portions of the further specifications thereof. Thereafter and without any further hearing upon the merits of said pending proceeding the plaintiff and relator therein on or about October 4, 1924, filed in open court a written motion to dismiss said proceeding, which motion was informally granted upon said date. In the meantime and while said proceeding was still pending Charles W. Rollinson began to contemplate removal to California and carried his purpose in that direction into effect by coming to California and establishing his residence here and in the city of Los Angeles during the month in the year 1924 preceding the dismissal of said disbarment proceeding. Having done so, on or about December 24, 1924, he presented an application to the District Court of Appeal of the state of California in and for the Second Appellate District, Division One, for admission to practice law in the state of California. He accompanied his application with an affidavit in the form and substance required by the rules of said court, in which affidavit he proceeded to set forth the facts with relation to his citizenship of the United States and of his admission to practice law in the state of Indiana and of the fact that he had been engaged in actual practice in said state for a period of at least three years within the period of seven years immediately preceding the filing of his said application. He further set forth therein and in the printed form thereof the statement:

"3. That so far as affiant is aware no charges of unprofessional conduct or proceedings for disbarment have been filed against said affiant before any bar association, court or other body.

"4. That affiant has never been charged before any court with crime amounting to either felony or misdemeanor involving moral turpitude."

The matter of the admission of said Rollinson was referred to the state board of bar examiners for examination as to his moral character and other qualifications, and being favorably reported thereon by that body, the said District Court of Appeal on March 23, 1925, made and entered its order admitting said Rollinson to practice as an attorney and counselor at law in and before all of the courts of the state of California upon his taking the oath of office and signing the roll of attorneys, which being done the license herein sought to be revoked was duly issued to said petitioner and he then and thenceforward entered upon and for a period of more than five years thereafter engaged in the practice of the law in this state. So far as the record discloses, his professional conduct during the five years or more of the practice of his profession in this state has been without reproach. During the year 1930, however, it was brought to the attention of The State Bar of California, which had in the meantime become organized as a public corporation, that the above-quoted statements in the affidavit filed by said Rollinson upon his application for admission to practice law in this state were untrue, and that in point of fact the proceeding for his disbarment as an attorney and counselor at law in the state of Indiana above referred to had been for some time pending in said state and had been dismissed on motion of the plaintiff in said proceeding only a short while before the presentation of the petitioner's application for admission to practice law in this state and the filing of his aforesaid affidavit containing said statements in support thereof. Thereupon the petition on behalf of The State Bar of California was presented to the District Court of Appeal, seeking the revocation of Rollinson's license to practice law in this state upon the ground above set forth. A hearing was had upon said petition during which the stipulation as to the aforesaid facts was entered into and also in the course of which the respondent therein and the petitioner herein offered certain affidavits relating to his attempted disbarment in the state of Indiana and the issue thereof, and also presented a considerable body of certificates and statements made on his behalf by the judges of the several courts be-

fore which he had practiced in the state of Indiana, and of various attorneys and counselors at law in said state who had been his fellow practitioners therein, who testified to his high character and professional standing as a member of the Indiana bar during the years of his professional activities in said state.

The stipulation as to the facts shows with respect to the aforesaid offer that counsel for The State Bar stipulated that the matters offered by Rollinson might be used, produced and received in evidence before said tribunal in lieu of depositions or the testimony of witnesses, subject only to objection on the ground of immateriality. The record herein discloses that the District Court of Appeal in deciding the cause upheld said objection upon the ground that the court was not called upon at that stage of the proceeding to pass upon the respondent's moral qualification. After an extended hearing before said District Court of Appeal, during which the petitioner was examined at length and with much of detail by counsel representing The State Bar, the matter was finally submitted to that tribunal, which thereafter made and filed its decision revoking the license of the petitioner to practice law, and which decision is sought to be reviewed in this proceeding.

Upon the threshold of this inquiry it may be stated as our conclusion from a review of the record that the District Court of Appeal was in error in its refusal to consider the evidence which the respondent offered to produce in the form above set forth as bearing upon the question whether the respondent's action in failing to state in the affidavit accompanying his original application for admission to practice law in this state the fact that prior thereto proceedings for his disbarment had been instituted in the state of Indiana, and which proceedings, without a hearing upon the merits thereof, had been dismissed by the parties instituting the same, constituted such a wilful fraud on the part of the petitioner as would suffice to justify the revocation of his license to practice law in this state. That the statements above set forth in the affidavit of this petitioner were untrue has been freely admitted by him both in the hearing before the District Court of Appeal and in the hearing before his court. But as an excuse for his action or inaction in the foregoing regard petitioner, by the aforesaid body of offered

evidence, proposed to show not only that his career as a practitioner for a period of ten years or more in the Indiana courts had been honorable and not subject to reproach or criticism, but also proposed to show that the proceedings for his disbarment instituted in the year 1922 before the courts of that state were not begun in good faith and were not founded on facts susceptible of proof affecting his moral character or professional integrity. He also proposed to show that when the proponents thereof had voluntarily moved the dismissal of said charges without a hearing upon the merits thereof and prior to the application of said respondent for admission to practice law in this state, he believed in good faith that the dismissal of said charges had practically wiped out the record of their unfounded presentation, and that when, after he had received from the board of bar examiners of the state of California the form of affidavit which he was required by its rules and regulations to sign, he took said affidavit to the judge of the Indiana court in which the aforesaid charges had been pending, and wherein the dismissal thereof had been filed, and took counsel with said judge as to whether it was necessary for him to disclose in said affidavit the fact that such charges had been made and had been dismissed. He was thereupon advised by said judge that the dismissal of the charges without a hearing by the parties preferring the same amounted in substance and effect to such a withdrawal thereof as would place him in the position as though such charges had never been made, and that he would therefore be justified in not referring to the same in said affidavit; and that acting upon said advice he had signed the affidavit in the form in which it was verified, and returned it to the board of bar examiners of this state. That the judge of whom he took counsel was in error in giving such advice, and that the act of the respondent in signing and verifying the affidavit in the form in which it appears was an error—and it may be said a serious error—is not to be denied. But the aforesaid showing which the respondent offered to make furnished not only evidence of a material character to the effect that the respondent during his years of professional practice in the state of Indiana had justified the reputation which he enjoyed for professional uprightness and integrity and that the years during which he had practiced law in this state

after his admission in California and prior to the institution of the proceeding for the revocation of his license had been marked with a like degree of integrity, but also tended strongly to show that the mistaken concealment by him of the fact that said proceedings had been instituted against him in the state of his former residence and practice and that the same, without a hearing thereon, had been dismissed by the parties instituting the same prior to his removal to California, and his application for admission here was not made or contemplated by him with the fraudulent intent of misleading the board of bar examiners or the District Court of Appeal or of preventing an investigation by the latter as to the fact and merits of said former disbarment proceeding. It would have been charitable, we think, on the part of the latter tribunal to assume that the action of the respondent Rollinson in the foregoing regard was not characterized by a fraudulent purpose inconsistent with his past record for both personal and professional uprightness and integrity, but was rather the offspring of a natural hesitation on his part to make known a fact which, if exploited, even though ultimately found baseless, might operate injuriously upon him in seeking to establish himself in his profession and practice in the state into which as a stranger he had come, in an effort to escape from whatever conflicts and enmities might have attended his previous career, and also in seeking to here establish himself in a new and unblemished personal and professional career. The period of five years of honorable and apparently successful practice intervening between the date of his admission to practice in this state and the inception of the aforesaid proceedings in the appellate tribunal, which he here seeks to have reviewed, plead strongly and we believe convincingly, in favor of the adoption of this charitable view with relation to the petitioner's misstep in signing said affidavit and to his absence of bad faith and intentional fraud in so doing.

After a careful review of the entire record herein we are of the opinion that the mere fact that petitioner made such misstep in the circumstances attending his making of the same would not be sufficient in itself to constitute an adequate basis for the finding of a fraudulent intent on his part which would suffice to uphold the order of the appellate tribunal revoking his license to practice law in this

state; nor do we think that the authorities to which we have been cited by the proponents in support of said order sustain their position in that regard, since an examination of the cases to which we have been thus cited shows that in each instance the concealment indulged in related to earlier proceedings in other jurisdictions which had resulted in disbarments and did not relate to instances like the present, wherein such earlier and undisclosed proceedings had been instituted in apparent bad faith and had been terminated by the voluntary withdrawal thereof on the part of those instituting the same. It is our conclusion that the petitioner has made a sufficient showing before this court to justify a reversal of the order heretofore made revoking his license to practice law in this state.

It is ordered that the revocation of Charles W. Rollinson's said license be and the same is hereby set aside and that he be and he is hereby restored to his right to practice law as an attorney and counselor in the state of California conferred upon him by his said license so to do.