[S. F. No. 17595. In Bank. May 11, 1948.]

THE STATE BAR OF CALIFORNIA, Petitioner, v. WILLIAM EDWARD J. TURNER, Respondent.

Jerold E. Weil for Petitioner.

Maury & Harrington and George R. Maury for Respondent.

THE COURT.—In this proceeding, The State Bar is seeking revocation of an order admitting respondent to practice as an attorney at law upon the ground that he concealed from the Committee of Bar Examiners material facts with respect to his moral and other qualifications.

 In his application to take the bar examination, respondent represented that his full name was William Edward James Monroe Tipton Turner, that he had attended the University of Kansas and Grinnell College, that he had received an A. B. degree prior to the commencement of his law school studies, and that he had never been charged with or arrested for the violation of any law. Respondent received a passing grade in the examination and thereafter the examining committee, relying upon the statements in the application, certified to this court that respondent had met the requirements for admission to practice, and recommended that he be admitted.

By his answer to the petition, respondent admits that at different times in the years between 1931 and 1934, and under different aliases, he was convicted of petit larceny, unlawfully obtaining food and lodging from a hotel and for issuing checks without sufficient funds. He further admits that he used the name and academic record of James Monroe Tipton, deceased, in gaining admission to law school and in applying to take the bar examination. Respondent asserts, however, that at the time he made his application and for a period of several years prior thereto he was suffering from a nervous and mental illness which made him incapable of formulating a willful and fraudulent intent.

The State Bar demurred to the answer, and we required respondent to show cause why the order admitting him to practice should not be vacated and set aside. In his reply, respondent has requested permission to present evidence which he claims will show that by reason of his mental condition he had no memory of the events in question when he applied for admission and, consequently, no intention to conceal the facts from the committee.

It is clear, however, that had the committee known the facts with respect to respondent's criminal record, it would have been justified in declining to recommend him for admission in the absence of proof of rehabilitation. The recommendation of the committee and the order of this court were made under a serious misapprehension of the facts, and in these

circumstances it is immaterial that respondent, because of his mental condition, may not have been guilty of intentional concealment. The cases of *In re Jung,* 13 Cal.2d 199 [88 P.2d 679], and *State Bar* v. *Rollinson,* 213 Cal. 36 [1 P.2d 428], are not in point because in neither of those proceedings was it shown that the facts concealed would have justified the committee in refusing to recommend admission.

The order admitting William Edward J. Turner to practice law is set aside, and it is ordered that the license to practice law heretofore granted be and it is hereby revoked and canceled, and that his name be stricken from the roll of attorneys in this state.