SAMUEL R. OGLETREE, plaintiff in error, *vs*. AUGUSTUS H. Dozier, sheriff, defendant in error.

By the constitution of this state, the governor alone can commute the sentence pronounced by judicial authority upon a criminal; therefore the act of 11th of February, 1875, in so far as it empowers the county commissioners of Quitman county to change the sentence of the court from work on the chain-gang to the hire of the convict to a private person for private work, is unconstitutional and void.

Criminal law. Sentence. County matters. Constitutional law. Habeas corpus. Before Judge Kiddoo. Quitman County. At Chambers. July 2, 1877.

Reported in the opinion.

WILLIAM HARRISON; A. HOOD, for plaintiff in error.

JAMES T. FLEWELLEN, by brief, for defendant.

JACKON, Judge.

Oliver Moore was sentenced by the county court of Quit man county "to work on the chain-gang in this county, or

elsewhere, as the proper authorities may direct, for four months from date of this sentence, and, when not so at work, to be confined in the common jail, from which he may be released at any time upon payment of twenty dollars fine and the costs of this prosecution." The county commissioners hired him to Ogletree to work on his plantation, or elsewhere, at Ogletree's pleasure. Ogletree demanded Moore from the sheriff, and that officer refused to give him up to Ogletree ; whereupon Ogletree brought *habeas corpus* to compel the delivery of Moore to him by the sheriff ; the circuit court refused to compel the sheriff to deliver him to Ogletree, and the latter excepted.

The question made involves the validity and construction of the act of 11th of February, 1875, entitled "An act to authorize the board of commissioners of Quitman county to hire out prisoners confined in the jail of said county for misdemeanor, and for other purposes." The words of the act are : "That in all cases where persons are convicted of misdemeanor, and *sentenced* to work in the chain-gang on the public roads or public works, by any of the courts held in and for the said county of Quitman, or when said persons are confined in the common jail of said county for non-payment of fines imposed for such misdemeanor, the board of county commissioners of said county may and are hereby authorized to hire out such convicts within the limits of the state, upon such terms, and under such restrictions, as may, in the opinion of such commissioners, best subserve the ends of justice and promote the interests of the county."

It will be observed that this act does not provide that the court shall sentence the prisoner to be hired out on a private plantation in certain contingencies, but it empowers the commissioners to hire him out *after the sentence* of the court— in other words, to hire him out for private work instead of working in the chain-gang, or being confined in jail, or paying a fine, as he was sentenced. It, therefore, empowers the commissioners to change or commute the sentence of

the court.   But the constitution declares that the governor shall have power "to commute penalties"—Code, section 5075.   To commute means to change, and as the constitution vests this power in the executive, the legislature, we think, cannot take it away and give it to county commissioners.

In its legal sense, to commute would mean to change from a higher to a lower punishment—to change a penalty from the hard work of a chain-gang to work on a farm, for instance; and we hold that this power belongs, if to be exercised at all, to the governor.

It will be noticed that the sentence is "to work on *the chain-gang* in this county or *elsewhere,* as the proper authorities may direct—that is, elsewhere than in Quitman county, but on the chain-gang still.   Hence, when the commissioners hired Moore to Ogletree to work on his plantation, they changed the sentence from work on the chain-gang to work on a plantation, and thus did what the constitution and law do not authorize.

So, in regard to the fine in lieu of his not working on the chain-gang.   They changed that from the fine of twenty dollars to hiring on a farm.

We do not mean to say that the legislature could not empower the courts to punish and sentence to work on a farm, or to any other work or penalty not prohibited by the constitution; but this is not what this law provides for at all. It provides for a change or commutation of the sentence by other authority than the governor's, and this the constitution does not permit.

We think, for these reasons, that the sheriff was right in refusing to deliver Moore to Ogletree, and the court right in sustaining the sheriff.

If the right of the case had been with the plaintiff, the remedy by *habeas corpus* would lie.   The Code, §4009, provides that whenever any person is "kept illegally from the custody of the applicant" the writ will lie.

This person was legally in the hands of the sheriff, and was properly remanded to his custody.*

Judgment affirmed.

---

*NOTE—It will be seen, by reference to acts of 1874, page 24, that a similar general law was passed; but the same construction and objection would apply to that act, so far as applicable to this case.