## DUEHAY et al. v. THOMPSON.

(Circuit Court of Appeals, Ninth Circuit. May 10, 1915.)

No. 2533.

1. Pardon ⟨key⟩4—Paroles—Statutory Provisions—"Commutation."

Act Jan. 23, 1913, c. 9, 37 Stat. 650 (Comp. St. 1913, § 10535), provides that every convict imprisoned for a definite term, whose record shows that he has observed the rules of the institution and who has served one-third of the total of the term for which he was sentenced, may be released on parole. Act June 25, 1910, c. 387, 36 Stat. 819 (Comp. St. 1913, §§ 10535–10544), a part of the original act relative to paroles, provides that nothing therein shall impair the power of the President to grant a pardon or commutation. Held that, where the President commuted a prisoner's term of imprisonment from eight to four years, the prisoner was eligible for parole when he had served one-third of the commuted sentence of four years, as a "commutation" of sentence or punishment is a change from a higher to a lower punishment, or the substitution of a less for a greater punishment, and the commutation did not substitute a sentence by the President for the judgment of the court, but left the judgment of the court in force, though in a modified form.

[Ed. Note.—For other cases, see Pardon, Cent. Dig. §§ 4–6½; Dec. Dig. ⟨key⟩4.

For other definitions, see Words and Phrases, First and Second Series, Commute.]

2. Pardon ⟨key⟩13—"Parole."

A "parole" is tantamount to a commutation, since it substitutes a lesser punishment for that imposed by the sentence, and changes one punishment known to the law for another and different punishment, also known to the law.

[Ed. Note.—For other cases, see Pardon, Cent. Dig. § 27; Dec. Dig. ⟨key⟩13.

For other definitions, see Words and Phrases, Second Series, Parole.]

Ross, Circuit Judge, dissenting.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Mandamus by Fred H. Thompson against F. H. Duehay, Superintendent of Prisons of the Department of Justice, and others. The writ was granted (217 Fed. 484), and defendants bring error. Affirmed.

Clay Allen, U. S. Atty., of Seattle, Wash., and G. P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., for plaintiffs in error.

John J. Sullivan, of Seattle, Wash., and Fred H. Thompson, of Los Angeles, Cal., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. [1] On December 20, 1911, the defendant in error was convicted, on two counts, of the charge of having received articles stolen from the United States mails, and sentenced to the penitentiary at McNeil Island, Wash., for a term of four years, and to pay a fine of $1,000, upon each count, the terms of service to run consecutively. On petition for clemency, the President, on August 5, 1913, commuted the sentence to make the service on the two four-year terms run concurrently, instead of consecutively, virtually and in reality reducing the term of service from eight years to four. One-third of defendant in error's four-year term, as commuted, being due to expire in August, 1914, he made application to the board of parole, sitting in May, 1914, for hearing applications for parole for the months of June, July, and August of that year. The board, deeming he was not then eligible for parole, because he had not served a total of one-third of his original sentence of eight years, refused his application. Whereupon defendant in error applied to the court below for a writ of mandamus requiring the board to entertain his petition, and, the writ having been granted by judgment and decree of the court, the board of parole prosecutes error to this court.

The statute provides:

"That every prisoner who has been or may hereafter be convicted of any offense against the United States and is confined in execution of the judgment of such conviction in any United States penitentiary or prison, for a definite term or terms of over one year, or for the term of his natural life, whose record of conduct shows that he has observed the rules of such institution, and who, if sentenced for a definite term, has served one-third of the total of such term or terms for which he was sentenced, or, if sentenced for the term of his natural life, has served not less than fifteen years, may be released on parole as hereinafter provided." Act June 23, 1913, c. 9, 37 Stat. 650, Fed. Stat. Ann. (Supp. 1914) p. 326 (Comp. St. 1913, § 10535).

The original act contains this further provision:

"That nothing herein contained shall be construed to impair the power of the President of the United States to grant a pardon or commutation in any case, or in any way impair or revoke such good time allowance as is or may hereafter be provided by act of Congress." Act June 25, 1910, c. 387, 36 Stat. 819, Fed. Stat. Ann. (Supp. 1912) p. 306 (Comp. St. 1913, §§ 10535–10544).

The single question presented for decision is whether the commutation of the sentence by the President reduces the judgment of the court,

as a judgment, that is, casts a new sentence respecting which the judgment attaches, so that the commuted sentence stands yet as the judgment of the court, or whether it supersedes or displaces the judgment of conviction in such a way that it no longer remains the sentence or judgment of the court, but becomes the commuted sentence of the President.

The mere statement of the proposition is its own solution. It is said that:

"Commutation of sentence or punishment is the change of a punishment to which a person has been condemned to a less severe one." 29 Cyc. 1561.

Other definitions are found in the authorities, but all are to the same purpose, of which we note the following:

"Change from a higher to a lower punishment." Ogletree v. Dozier, Sheriff, 59 Ga. 800, 802.

"Substitution of a less for a greater punishment, by authority of law." Lee, Sergeant, v. Murphy, 22 Grat. (Va.) 789, 12 Am. Rep. 563.

Substitution of a "less grade of punishment for that inflicted by the sentence pronounced upon conviction." State v. State Board of Corrections, 16 Utah, 478, 52 Pac. 1090.

[2] A parole is tantamount to a commutation, for, as said by the court in the case last cited, it—

"substitutes lesser punishment for that imposed by the sentence. It changes one punishment known to the law for another and different punishment, also known to the law. In other words, it substitutes a less grade of punishment for that inflicted by the sentence pronounced upon conviction."

It was this view of the significance of a parole, no doubt, that suggested to Congress the idea of adding the tenth section to the parole act of June 25, 1910 (36 Stat. 821), providing against any impairment of the authority of the President to grant pardons or commutations in any case.

The judgment of conviction must be the basis upon which all pardons and commutations can be grounded, for if there be no judgment and sentence, there can be no pardon or commutation. If there be a full pardon, the judgment is satisfied and ceases to have operation. If there be a commutation only, the judgment is only satisfied in part, and remains operative in part, and it requires the exercise of the function of the court in order that the commuted judgment may be executed. The President does not execute it, nor prescribe the process whereby it shall be satisfied. That is left to the judicial department of the Government, and is controlled and regulated by the laws respecting the enforcement of judgments of conviction in criminal cases. So it must be that the judgment remains, but in modified form—a modification imposed upon it by the executive power—and can partake in no sense of a sentence imposed by the President. The effect is the same as that of a parole imposed by a legally constituted board of parole; it impresses itself upon the judgment, but enforcement still remains with the court. Hence the judgment is still the judgment of the court until satisfied, through its warrant and commitment. In short, the executive has superimposed its mind upon the judgment of the court; but the sentence remains, nevertheless, the judgment of the court, and not

of the executive, and is subject to the regulations of law respecting its enforcement.

It follows, therefore, that the defendant in error was entitled to his application for parole when he had served one-third of his commuted sentence of four years. Such has been the rule adopted in applying the regulations of the good time law, which operates against the interest of the prisoner, because, the shorter the term he has to serve, the less will be his credit per month for good time service. If the rule is right there, it is only fair to the prisoner to apply it where it operates in his interest.

The case of Ex parte Harlan (C. C.) 180 Fed. 119, 127, would seem to support the view we here entertain, as there it was held that the commuted sentence in the penitentiary cannot be unlawful merely because the statutes do not authorize the courts, in fixing the punishment in the first instance, to inflict imprisonment in the penitentiary for so short a time.

The judgment of the District Court will be affirmed.

ROSS, Circuit Judge (dissenting). The act of Congress, entitled "An act to parole United States prisoners, and for other purposes," of June 25, 1910 (36 Stat. 819), declares in its tenth section:

"That nothing herein contained shall be construed to impair the power of the President of the United States to grant a pardon or commutation in any case, or in any way impair or revoke such good time allowance as is or may hereafter be provided by act of Congress."

The Paroling Act as amended provides:

"That every prisoner who has been or may hereafter be convicted of any offense against the United States and is confined in execution of the judgment of such conviction in any United States penitentiary or prison, for a definite term or terms of over one year, or for the term of his natural life, whose record of conduct shows that he has observed the rules of such institution, and who, if sentenced for a definite term, has served one-third of the total of such term or terms for which he was sentenced, or, if sentenced for the term of his natural life, has served not less than fifteen years, may be released on parole as hereinafter provided." 14 Supp. Fed. St. Ann. p. 326.

The defendant in error was convicted under two counts of an indictment against him upon each of which he was sentenced by the trial court to imprisonment for four years in McNeil Island penitentiary, the second term to commence upon the expiration of the first—in effect, for eight years. The President subsequently commuted the two sentences "to run concurrently"—in effect thereby reducing the eight years to four years imprisonment. And the question presented by the record in the present case is whether the defendant in error is legally entitled (the necessary conditions appearing) to parole after having served one-third of four years. The court below held that he is, but I am of the contrary opinion, as was the Department of Justice in its opinion given to the prison authorities.

As has been seen, the act of Congress did not undertake to impair or in any way affect the power of the President to grant the defendant in error a pardon or commutation of his sentence; indeed, could not do so, for that power is conferred by the Constitution. Article

2, § 2. But the pardoning power is one thing, and a judgment of conviction is another and an entirely distinct thing. The one exists by virtue of the Constitution; the other, by virtue of a statute. The act of Congress in question provides for the parole of prisoners whose record of conduct shows that they have observed the rules of the penal institution, and declares that, when such a prisoner has served one-third of the whole of the definite term or terms for which he was sentenced, he may be released on parole as provided. Sentenced by whom? Not by the President, for he has no power to impose any sentence; but by the court, in and by the judgment of conviction it was required by law to pronounce. The construction of the word "sentence" contended for by the defendant in error, and sustained by the court below, would, as said for the government, be to import by construction into the statute after the words "one-third of the total of such term or terms for which he was sentenced" the words "or to which his sentence had been commuted," or words of similar import. There is just as much authority for inserting by construction into the statute after the words "if sentenced for the term of his natural life" the words (or their equivalent) "or if a death sentence be commuted to a life sentence," in which latter event one sentenced by a court to death, whose sentence is subsequently commuted by the President to life imprisonment, would be entitled to parole, if he had observed the prison rules, after having served not less than 15 years.

The complete answer to all such suggestions is, in my opinion, that no court has any authority to import by construction into a statute any words that will change the plain meaning of its unambiguous language.

I think the judgment of the court below should be reversed.