[Crim. No. 694. Third Appellate District.—May 31, 1923.]

## In the Matter of the Application of JOHN BOGDEN for a Writ of Habeas Corpus.

[1] CRIMINAL LAW — SENTENCE — COMMUTATION BY GOVERNOR.—While the Governor may reduce the length of service under a state prison sentence, he is without power to impose one; and a commutation of the term of a person sentenced to a state prison does not have the effect of nullifying the sentence imposed by the court, or of substituting therefor a new sentence by the Governor, but it merely reduces the length of time to be served under the sentence, and the prisoner's rights after the commutation are the same as they would be if he had been sentenced originally to the commuted term.

[2] ID.—CONSECUTIVE TERMS—COMMUTATION—CONSTRUCTION OF ORDER. Where a prisoner sentenced to a term of fourteen years in a state prison is penalized for escaping from prison by forfeiture of all credits earned and to be earned by him and is also tried in a court for such escape, is convicted and is sentenced to imprisonment for a term of four years, the imprisonment to commence at the expiration of his term of fourteen years, but the Governor commutes "the two sentences" of the prisoner "to a single term of ten years including time served," the order of commutation being predicated upon the fact that the imprisonment

was excessive, the commutation will be construed as reducing the longer term to ten years and, in effect, making the two terms run concurrently.

APPLICATION for a Writ of Habeas Corpus to secure release of petitioner from state prison. Writ denied.

The facts are stated in the opinion of the court.

John Bogden, *in pro. per.*, for Petitioner.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—Petitioner prosecutes this writ of *habeas corpus* to obtain his release from state prison on the ground that the term of his imprisonment has expired.

He was sentenced to a term of fourteen years' imprisonment for burglary of the first degree. He was received at the prison July 7, 1914. He escaped therefrom December 7, 1914, and was returned thereto February 27, 1915. As a penalty for such escape, the state board of prison directors, on March 3, 1915, duly forfeited all credits earned and to be earned by him. He was also tried in court on a charge of having so escaped and was convicted and sentenced to imprisonment for a term of four years, the imprisonment to commence at the expiration of his term of fourteen years for burglary.

December 20, 1922, the Governor of the state commuted petitioner's term of service to a total of ten years. The parts of the commutation material here are as follows: "The prisoner was punished once for his escape from prison by forfeiture of his credits amounting to five years and two months and was given a sentence of four years additional upon his conviction in court. . . . Unless Bogden is given relief through executive clemency he will not be eligible for parole until 1930. It was for this reason that a majority of justices of the supreme court and the peace authorities who prosecuted Bogden joined in recommending commutation of his sentence, as excessive. Now therefore, I, Wm. D. Stephens, Governor of California, do hereby commute the two sentences of the said John Bogden to a single term of ten years including time served."

Petitioner contends that the Governor "aggregated his two sentences to one sentence of eighteen years, and commuted this to a sentence of ten years. The credits on aggregated eighteen years amount to six years and ten months, and the credits forfeited by the board of prison directors, on petitioner's previous sentence of eighteen years, were five years and two months. Therefore, petitioner is entitled to twenty months credits on his previous sentence of eighteen years, and those credits shall be deducted on his present sentence of ten years, which was fixed by the Governor. Or, if petitioner's previous sentence is legally dead, then any action of the state board of prison directors taken on his previous sentence is null and void, and the petitioner not having lost any of his credits on his present sentence of ten years, therefore, he is entitled to all his credit deductions which are allowed by law on his present sentence of ten years."

[1] The commutation did not have the effect of nullifying the sentences imposed by the court or substituting therefor a new sentence by the Governor, but it merely reduced the length of time to be served under those sentences. While the Governor may reduce the length of service under a sentence, he is without power to impose one. In *Duehay* v. *Thompson,* 223 Fed. 305 [138 C. C. A. 547], two sentences of four years each, running consecutively, were commuted to run concurrently. The court said: "The executive has superimposed its mind upon the judgment of the court; but the sentence remains, nevertheless, the judgment of the court, and not of the executive, and is subject to the regulations of law respecting its enforcement." Petitioner's rights after the commutation are the same as they would be if he had been sentenced originally to ten years' imprisonment. Of course, the time heretofore served is to be deducted from the ten years to which his imprisonment has been reduced by the commutation.

[2] The only uncertainty as to the meaning of the commutation arises out of the fact that petitioner's credits on the term of fourteen years were forfeited while those on the term of four years were not. Had each term been commuted to a shorter period, to run consecutively, petitioner would have been entitled to credits on the term last imposed by the court. In consideration of the reasons, as stated in the order

of commutation, for the exercise of executive clemency and the absence of specification of the sentence intended to be reduced, a reasonable construction of the commutation is that it was the intention to reduce the longer term to ten years and, in effect, make the two terms run concurrently. So construing the commutation, petitioner's term of imprisonment has not expired.

The writ is denied.

Burnett, J., and Hart, J., concurred.