[S. F. No. 14823. In Bank.—March 20, 1933.]

S. M. LEVEE, Appellant, v. JESSIE V. HARRIER, as Executrix, etc., Respondent.

Francis C. McInnis and Clarence N. Riggins for Appellant.

George M. Naus for Respondent.

SHENK, J.—This is an appeal from a judgment of the Superior Court in and for the County of Alameda dismissing the action for want of jurisdiction.

The plaintiff commenced the action in the Superior Court in and for the County of Solano. It was brought on a claim presented to and rejected by the defendant as executrix of the estate of L. G. Harrier, deceased, the administration of which was pending in Solano County. In due time the defendant filed a demurrer to the complaint and at the same time moved and demanded "that the place of trial of the above entitled action be transferred from the superior court of the state of California in and for the county of Solano to the superior court of the state of California in and for the county of Alameda", the county of the defendant's residence. The order of transfer was made. After the cause had reached the Superior Court of Alameda County, the defendant filed an amended demurrer specifying lack of jurisdiction of the court to entertain the cause as an additional ground of demurrer. When the demurrer came on for hearing in the Superior Court of Alameda County the defendant objected to the jurisdiction of that court on the grounds (1) that it appeared from the face of the complaint that the demand constituting the claim against the estate was for the sum of $975.91, and (2) that the township in which the defendant resided contained a population of thirty thousand and upwards, and therefore the justice's court in that township had exclusive jurisdiction of the subject matter of the action. The trial court took that view of the question and accordingly, on November 25, 1931, dismissed the action for want of jurisdiction.

It must be assumed that the action was properly commenced in the Superior Court of the County of Solano and could have been tried therein with full jurisdiction of the parties and subject matter in the absence of the demand by the defendant for a change of the place of trial to the county of her residence. It must also be taken for granted that the Superior Court of the County of Solano had no power under the statute to transfer the cause to the justice's court in which the defendant resided in Alameda County.

Prior to the amendment of section 5 of article VI of the Constitution in 1928 the jurisdiction of the superior court

was specifically defined by the Constitution. By the amendment the superior court was vested with jurisdiction in all civil cases and proceedings, except in said article otherwise provided and "except, also, cases and proceedings in which the jurisdiction is or shall be given by law to municipal or to justices or other inferior courts".

The present action was commenced in Solano County on August 17, 1931, which was after the effective date of the amendment of section 112 of the Code of Civil Procedure in 1931. There is no municipal court in that county and no judicial township having a population of thirty thousand and more. There is no municipal court in Alameda County, but the township in which the defendant resides contains a population of thirty thousand and more and the justice's court in said township has jurisdiction of cases at law in which the demand exclusive of interest amounts to $1,000 or less, as provided by said section 112. It is clear that if the present action had been commenced in Alameda County, said justice's court and not the superior court of said county would have had jurisdiction of the subject matter.

Under present law the jurisdiction of the superior court in civil causes and proceedings is, except as in the Constitution itself otherwise provided, dependent upon legislative action vesting jurisdiction in municipal, justices' and other inferior courts. In other words, the superior court has jurisdiction in all such cases when jurisdiction is not vested in municipal and justices' and other inferior courts.

The question presented is whether the legislature has, by the amendment of section 112 of the Code of Civil Procedure, or otherwise, so covered the field as to deprive the Superior Court of Alameda County of jurisdiction to hear and determine a cause transferred to it by a valid order of transfer by the superior court of another county.

Section 395 of the Code of Civil Procedure provides, except in cases not material here, that the action must be tried in the county in which the defendant resides. Section 396 provides that if the action is commenced in a county, which is not the proper county, the action may be tried therein unless the defendant demands a change of place of trial. Section 397 provides that the court may, on motion, change the place of trial to the proper county; and section 398 provides that if an action is commenced in the

superior court and the place of trial is changed, the order of transfer must be *for trial* to *another superior court,* or to a municipal court if the action be cognizable therein. As stated, there is no municipal court in the County of Alameda.

It will thus be seen that when an action is, as here, properly commenced in the superior court of one county and an order of transfer is made, the statute provides specifically that the order must transfer the cause for trial to the superior court of the proper county. When we find this specific provision in the law governing jurisdiction in causes transferred from one superior court to another, such specific provision, under familiar rules, should be deemed to govern the general provisions of the code establishing jurisdiction otherwise in the several courts. There is nothing in the Constitution expressly or impliedly preventing this construction of the code sections, and when read together, they clearly provide a special rule for the transfer and trial of cases from one superior court to another. Any other construction would lead to the inevitable conclusion that a superior court, having original and complete jurisdiction of a cause commenced therein, subject to the right of the defendant to demand a change of place of trial, must transfer the cause on a proper demand to a superior court having no jurisdiction, thereby terminating the litigation. Such an absurd result is not required or justified in view of the special and complete rule in such cases laid down by the legislature in a matter within its exclusive cognizance.

The judgment is reversed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.