[Civ. No. 10580. Second Appellate District, Division One.—July 31, 1936.]

SCHWAB–WILSON MACHINE CORPORATION, LTD., Appellant, v. EDWIN M. DAUGHERTY, as Commissioner of Corporations, Respondent.

George I. Devor and George L. Reimbold for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

WHITE, J., *pro tem.*—Appellant, as petitioner in the court below, sought and obtained a writ of review for the purpose of determining the validity of an order of the respondent Commissioner of Corporations suspending a permit theretofore issued to appellant petitioner, authorizing the sale of stock by the latter. The proceeding was instituted under section 15 of the Corporate Securities Act (Stats. 1917, p. 673, and amendments thereto), which provide that: "Every order, decision, permit or other official act of the commissioner shall be subject to review, in accordance with the provisions of Chapter I of Title I of Part III of the Code of Civil Procedure. . . . "

The designated portion of the Code of Civil Procedure regulates the procedure incidental to applications for, and appellant herein obtained, the constitutionally authorized and commonly known writ of *certiorari*. Due return to the writ having been made, hearing was had thereon, after which the superior court entered its judgment affirming the order of the respondent Commissioner of Corporations. It is from that judgment that this appeal is prosecuted.

Since the submission of this cause by us, the Supreme Court, on June 23, 1936, in the case of *Standard Oil Co. of California* v. *State Board of Equalization*, 6 Cal. (2d) 557 [59 Pac. (2d) 119] (rehearing denied July 23, 1936), held that the courts are without authority or jurisdiction to entertain proceedings such as this or to issue the writ granted herein by the superior court, for the reason that a writ of

*certiorari,* commonly referred to as a writ of review, will lie only to review the exercise of judicial functions (sec. 1068. Code Civ. Proc.), and that the legislature is without power, in the absence of constitutional provision authorizing the same, to confer judicial functions upon a state-wide administrative officer or agency of the character of respondent Commissioner of Corporations. In its decision the Supreme Court points out that the matter is primarily regulated by the provisions of section I of article VI of the Constitution, relating to judicial powers, which provides: "The judicial power of the state shall be vested in the senate, sitting as a court of impeachment, in a Supreme Court, District Courts of Appeal, superior courts, such municipal courts as may be established in any city or city and county, and such inferior courts as the legislature may establish, in any incorporated city or town, township, county or city and county." The court then goes on to hold that under this constitutional provision, the legislature would be without authority to give judicial power to any general state board or tribunal; that, except for local purposes, also referred to in the Supreme Court opinion, the section in the Constitution disposes of the whole judicial power of the state, and vests all of it in the courts expressly named therein, leaving none at the disposal of the legislature.

As pointed out by the Supreme· Court in the case of *Standard Oil Co. of California* v. *State Board of Equalization, supra,* the decision in *Dominguez L. Corp.* v. *Daugherty,* 196 Cal. 468, 482 [238 Pac. 703], declares in substance that the Commissioner of Corporations exercises discretionary administrative functions, and does not exercise judicial powers.

For the foregoing reasons, it is at once apparent that no judicial power has been conferred by the legislature upon the respondent Commissioner of Corporations, from which it necessarily follows that the petition filed in the court below lacks one of the elements essential to its proper determination, and the superior court, therefore, was without jurisdiction to consider or determine the issue there presented.

The judgment is reversed and the cause remanded, with directions to the court below to dismiss the proceeding.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.