[Civ. No. 5647. Third Appellate District.—November 25, 1936.]

MARTHA W. GLASS, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant.

Edmund Nelson, William C. Day, O'Melveny, Tuller and Myers and Louis W. Myers for Appellant.

Garner White and Chas. T. Woodbury for Respondent.

PULLEN, P. J.—In 1927 plaintiff, as buyer, and E. E. McCalla Company, as seller, assignor of defendant, entered into a contract in writing for the purchase and sale of a parcel of land in the county of Los Angeles for $900, payable in instalments. Plaintiff, contending improvements were not made as provided in the contract, brought this action to rescind the contract and to recover the sum of $665 paid by her under the contract.

Various points are urged for reversal but we need not consider them as it appears when this action was commenced in September, 1934, and at all the times since, the jurisdiction of the subject-matter of this action was in the municipal court. The cause of action was either an action at law for money had and received to recover the sum of $665 paid thereunder or was a suit in equity to cancel and rescind a contract and to recover the amount paid. In either event the amount involved being less than $2,000, jurisdiction is in the municipal court.

If this is an action at law the jurisdiction is vested in the municipal court by section 89, subdivision (a) of the Code of Civil Procedure, Statutes of 1933, page 1811, and if it is an action in equity to rescind a contract and recover money paid thereunder, the jurisdiction is vested in the municipal court by virtue of section 89, subdivision (c) of the Code of Civil Procedure.

Also the territorial jurisdiction of this action is granted to the Municipal Court of the City of Los Angeles by section 395 of the Code of Civil Procedure as amended in 1933. The effect of such grant of jurisdiction to the municipal court was *ipso facto,* to deprive the superior court

thereof. (Const., art. VI, sec. 5; *Hopkins* v. *Anderson,* 218 Cal. 62 [21 Pac. (2d) 560]; *Levee* v. *Harrier,* 217 Cal. 523 [19 Pac. (2d) 981]; *Van Horn* v. *Justice's Court,* 216 Cal. 235 [13 Pac. (2d) 794].)

The fact that the question of jurisdiction was not raised at the trial or in the opening brief is not material as "it is the universal rule that jurisdiction of the subject-matter cannot be conferred upon a tribunal by consent, and it follows that the parties cannot make an effective waiver of a lack of such jurisdiction". (*Marin M. W. District* v. *North Coast W. Co.,* 178 Cal. 324 [173 Pac. 473].) "A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers." (*Forbes* v. *Hyde,* 31 Cal. 342.)

It therefore follows that the judgment appealed from must be reversed for lack of jurisdiction, and it is so ordered.

Thompson, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1937.