[Civ. No. 10230. First Appellate District, Division One.—March 31, 1937.]

EMERSON B. HARTMAN, Appellant, v. BOARD OF CHIROPRACTIC EXAMINERS OF THE STATE OF CALIFORNIA, Respondent.

M. James McGranaghan for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne and Darwin Bryan, Deputies Attorney-General, for Respondent.

THE COURT.—An appeal from the judgment in favor of the State Board of Chiropractic Examiners in a proceeding brought by appellant Hartman to review an order by the board revoking his license to practice chiropractic in the state of California.

The Chiropractic Act (Stats. 1923, p. lxxxviii) provides in section 10 that the board may revoke a license "for the employment of fraud or deception in applying" for it, and also that "Any person who is a licentiate . . . against whom any of the foregoing grounds for revoking . . . is presented to the board with a view of having the board revoke . . . a license, shall be furnished with a copy of the complaint and shall have a hearing before the board in person or by attorney, and witnesses may be examined by the board respecting the guilt or innocence of the accused."

On March 8, 1930, a complaint was filed with the board, charging that appellant had employed fraud and deception in applying for a license in that he falsely stated in his application that he had never been convicted of a crime involving moral turpitude; but in truth he was on November 2, 1916, in the Superior Court of San Joaquin County, California, convicted of murder in the first degree. A copy of the complaint with a citation was served on appellant, and a hearing was had before the board on August 2, 1936, at which he was present and testified. Whether he was represented by counsel at the time is not clear from the record; however, he there stated that he wished to make his own defense. A certified copy of the judgment in the criminal case was introduced, showing the conviction alleged, and that thereupon the appellant was sentenced to the state prison for

life. It was further shown, however, that the term was subsequently commuted and served. Appellant admitted this, and that he had made a false answer as to the fact of his conviction in his application to the board. He insisted, however, that moral turpitude was not involved in the offense, and that therefore the evidence upon which the board acted was insufficient to justify the order of revocation.

It was proper for the board, in determining the moral character of the applicant, to inquire concerning previous convictions of crime; and a false answer to such a question was a wilful deception. (*State Bar of California* v. *Hull*, 103 Cal. App. 302 [284 Pac. 492].) There is no merit in the contention that the crime for which appellant was convicted did not involve moral turpitude. (*Holloway* v. *Holloway*, 126 Ga. 459 [55 S. E. 191, 115 Am. St. Rep. 102, 7 Ann. Cas. 1164, 7 L. R. A. (N. S.) 272].)

Nor did the commutation of sentence nullify the original sentence or lessen the offense, but merely substituted a lesser for a greater punishment. (*In re Bogden*, 62 Cal. App. 377 [216 Pac. 967].)

Appellant further contended that the proceeding to revoke his license was barred by section 340 of the Code of Civil Procedure; but, as held in *In re Lowenthal*, 78 Cal. 427 [21 Pac. 7], and *Bold* v. *Board of Medical Examiners*, 133 Cal. App. 23 [23 Pac. (2d) 826], the statute of limitations does not apply to such proceedings. (See Code Civ. Proc., sec. 22.) Nor would the statute, if a defense, deprive the board of jurisdiction. (*Ex parte Tyler*, 107 Cal. 78 [40 Pac. 33].)

In the recent case of *Whitten* v. *California State Board of Optometry*, 8 Cal. (2d) 444 [65 Pac. (2d) 1296], it was held that prohibition will not lie to restrain the revocation of licenses by boards of this character, the function of the board in such proceedings being administrative and not judicial. For the same reason *certiorari* will not lie; and there being no facts in the present case which would warrant other relief, the judgment appealed from must be affirmed.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 30, 1937, and an applica-

tion by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.