[Civ. No. 5885.   Third Appellate District.—July 19, 1937.]

Dr. GEORGE W. O'DONNELL, Appellant, v. THE BOARD OF MEDICAL EXAMINERS OF CALIFORNIA et al., Respondents.

Inman & West for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondents.

THE COURT.—A complaint was filed against petitioner herein before the Board of Medical Examiners, wherein he was charged with unprofessional conduct as the same is defined under the terms of the first subdivision of section 14 of the Medical Practice Act, Deering's General Laws, 1931, Act 4807.

After a hearing the board revoked appellant's license to practice medicine.  From such order of revocation a petition for writ of review was filed in the superior court, the writ was issued, and after a hearing a judgment was rendered affirming the decision of the Board of Medical Examiners. From that judgment petitioner herein has attempted to prosecute this appeal.

■ This motion is now made to dismiss the appeal upon the ground that the superior court was without jurisdiction to make or enter any order upon the application for writ of review except to deny the same. It is evident the appeal must be dismissed.

In *Standard Oil Co. of California* v. *State Board of Equalization,* 6 Cal. (2d) 557 [59 Pac. (2d) 119], the court reaffirmed the rule and supported its finding by many authorities that a writ of *certiorari* will lie only to review the exercise of judicial functions (sec. 1068, Code Civ. Proc.), and that the legislature is without power in the absence of constitutional provision authorizing the same, to confer judicial functions upon a state-wide administrative agency of the character of the board of equalization.

In *Whitten* v. *State Board of Optometry,* 8 Cal. (2d) 444 [65 Pac. (2d) 1296], following the case of *Standard Oil Co. of California* v. *State Board of Equalization, supra,* it was held that ''The office of the writ of prohibition is limited by the Constitution to the restraint of a threatened exercise of judicial power in excess of jurisdiction, and it does not lie to an officer or board exercising purely ministerial functions; and in this proceeding for a writ of prohibition to restrain the State Board of Optometry from revoking the license of an optometrist, no constitutional grant of judicial power having been conferred upon such Board, it could not exercise judicial functions, and the legislature was powerless to confer such power upon it, and, therefore, a writ of prohibition was inappropriate.'' And for the same reasons that prohibition would not lie in the case of *Whitten* v. *State Board of Optometry, supra,* it was held in *Hartman* v. *Board of Chiropractic Examiners,* 20 Cal. App. (2d) 76 [66 Pac. (2d) 705], that *certiorari* would not lie against that board.

Upon the authority of the foregoing cases, therefore, *certiorari* is not the proper remedy to review an act of the medical board, and the appeal from the judgment and order of the trial court must be dismissed. It is so ordered.