[Civ. No. 10287. First Appellate District, Division One.—January 13, 1938.]

MALCOLM M. JACOBS, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA, Appellant.

[Civ. No. 10288. First Appellate District, Division One.—January 13, 1938.]

WILBUR L. PARKER, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA, Appellant.

[Civ. No. 9836. First Appellate District, Division One.—January 13, 1938.]

WILBUR L. PARKER, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

[Civ. No. 9837. First Appellate District, Division One.—January 13, 1938.]

MALCOLM M. JACOBS, Respondent, v. BOARD OF DENTAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

Harry E. Lindersmith for Appellants.

Walter H. Linforth and William M. Cannon for Respondents.

TYLER, P. J.—Proceedings in prohibition and *certiorari* were instituted in the court below for the purpose of reviewing the action of the Board of Dental Examiners in revoking the licenses of certain practitioners, parties hereto. Hearings were had thereon and certain judgments were entered which are here sought to be reviewed on appeal. Since the filing of

the briefs the cases of *Whitten* v. *California State Board of Optometry,* 8 Cal. (2d) 444 [65 Pac. (2d) 1296], and *Hartman* v. *Board of Chiropractic Examiners,* 20 Cal. App. (2d) 76 [66 Pac. (2d) 705], have been rendered by our appellate courts. (See, also, *Standard Oil Co.* v. *State Board of Equalization,* 6 Cal. (2d) 557 [59 Pac. (2d) 119]; *MacCracken* v. *Board of Medical Examiners, ante,* p. 58 [74 Pac. (2d) 289].) ▉ These decisions are to the effect that neither prohibition nor *certiorari* will lie to review the exercise of the purely administrative functions of such boards, and in the absence of constitutional provision the legislature is without authority to confer upon an administrative board any judicial functions. ▉ Here the board in question exercised discretionary administrative functions in revoking the licenses and did not exercise judicial powers. This being so the superior court was without jurisdiction to consider or determine the issues there presented. ▉ It is argued that notwithstanding this fact the cases should be heard on their merits because (1) the right to object to the appropriateness of the remedies invoked was not raised in the superior court; (2) because the writs of prohibition and *certiorari* may be treated as writs of mandate; and (3) if mandate is not the proper remedy, then the court with all facts before it will give such appropriate equitable relief as the record warrants. The problem with which we are confronted goes to the constitutional jurisdiction of the court to issue the writs. Such jurisdiction cannot be conferred. Failure to object to the proceedings in the court below therefore cannot constitute a waiver. Such a rule would result in the conferring of jurisdiction by the parties, which, of course, cannot be done. (*Standard Oil Co.* v. *State Board of Equalization, supra;* *Schwab-Wilson Machine Corp.* v. *Daugherty,* 15 Cal. App. (2d) 701 [59 Pac. (2d) 1057].) (See, also, *Hartman* v. *Board of Chiropractic Examiners, supra;* *O'Donnell* v. *Board of Medical Examiners,* 22 Cal. App. (2d) 80 [70 Pac. (2d) 246].)

▉ Nor can the writs in question be considered writs of mandate. In the cases at bar the accused dentists sought and obtained orders granting them the very relief they sought. Pursuant to such petitions, after hearing, the court entered its judgment denying and granting parts of the relief sought. The orders which they sought and obtained cannot be attacked in this manner. A case on appeal must be disposed of

upon the issues presented in the court below. Nor have we any power to grant equitable relief.

From what we have said it follows that the proceedings should be remanded to the court below with directions to dismiss the writs of prohibition and review issued herein, together with the petitions therefor. (*Schwab-Wilson Machine Corp.* v. *Daugherty, supra.*)   It is so ordered.

Knight, J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 14, 1938.