[Civ. No. 15779.   First Dist., Div. Two.   Mar. 31, 1954.]

ELLEN NIERI, Appellant, v. SILVIO NIERI,
Respondent.

Ropers & Majeski and George Doll for Appellant.

R. A. Rapsey and Paul DeMare for Respondent.

GIBSON, J. pro tem.*—We deem the statement of facts as set forth in appellant's opening brief to be substantially correct so far as it goes, and we adopt it as such here. Omitting the headings and references to the transcripts, it is as follows:

"This appeal is from an Order Discharging Order to Show Cause entered by the Superior Court in and for the County of San Mateo on December 10, 1952. This appeal is taken on the basis of the Agreed Statement on Appeal signed by both parties. On June 23, 1949, the Superior Court in and for the County of San Mateo entered a judgment decreeing that the plaintiff-appellant was entitled to a divorce from the defendant-appellee, and further decreeing that the plaintiff-appellant should recover, as her share of the community property, the sum of $25,000.00, payable in four installments as follows: $6,250.00 on July 1, 1949, $6,250.00 on October 1, 1949, $6,250.00 on January 1, 1950, and $6,250.00 on April 1, 1950. On July 1, 1949, the defendant-appellee tendered to the attorney for plaintiff-appellant a check for $6,250.00 as payment on the first installment. At that time a motion for new trial and an appeal taken by the plaintiff-appellant were pending on the judgment entered June 23, 1949. The check was returned by the plaintiff-appellant's attorney in a letter dated July 12, 1949, to the defendant-appellee's attorney, stating in substance that the check would not be accepted because the motion for a new trial and appeal were pending, and suggesting that the check be deposited with the Clerk of the Court. The letter further stated that it was written with the distinct understanding that this was without prejudice to the rights of either party.

"The motion for a new trial was subsequently denied. On the appeal the judgment of June 23, 1949, was affirmed and

*Assigned by Chairman of Judicial Council.

said appeal became final on April 2, 1951. No tender was made of the second, third, and fourth installments of $6,250.00 each, which were due on October 1, 1949, January 1, 1950, and April 1, 1950 respectively. On June 15, 1951, the defendant-appellee paid the sum of $25,000.00 with interest thereon at the rate of 7%, from April 2, 1951, to June 15, 1951. The interest which plaintiff-appellant contends was properly due and payable on the 2nd, 3rd, and 4th installments of $6,250.00 each, from the due date of each installment to April 2, 1951, at the rate of 7%, amounts to $1,640.62.

"On August 26, 1952, the Superior Court issued an Order to Show Cause, ordering the defendant-appellee to show cause why he should not be judged guilty of contempt of Court and punished accordingly for failure to pay this interest of $1,640.62. On December 10, 1952, the Superior Court issued an Order Discharging Order to Show Cause. This appeal is from that order."

To the foregoing there should be added that on June 25, 1949, respondent tendered two more checks "ordered in the judgment" for $1,500 and $500, respectively, which tender was refused and said checks returned to the sender. It should also be pointed out that the affidavit upon which the Order to Show Cause was issued, after the title of court and cause, was as follows:

"State of California, County of San Mateo, ss: Ellen Nieri, being first duly sworn, deposes and says: That affiant is the plaintiff in the above entitled action; that heretofore, on the 23rd day of June, 1949, pursuant to regular trial before the above Court, a judgment was entered against defendant herein; it was adjudged and decreed that plaintiff have and recover from the defendant the sum of Twenty-Five Thousand Dollars ($25,000.00) cash and personal property not material herein; said payment of the sum of $25,000.00 was ordered and decreed to be paid as follows: $6,250.00 on July 1st, 1949; $6,250.00, October 1st, $6,250.00 on January 1st, 1950; $6,250.00, April 1st, 1950.

"The first of the above-mentioned four installments was tendered on the date due; on said date a motion for new trial was pending as was an appeal, and the first of the above payments was, therefore, returned pending the outcome of those proceedings; thereafter, motion for new trial was denied; judgment of the trial court was appealed and affirmed on appeal and on June 15, 1951, defendant paid affiant the

sum of $25,000.00 with interest from April 2nd, 1951 to the date of payment, June 15th, 1951.

"Since the entry of the judgment herein, on June 23rd, 1949, until April 2nd, 1951, there has become due and payable, pursuant to said judgment, the sum of $1,640.62 as and for lawful interest on said judgment; that the defendant has paid no part of said interest and all of it is due and payable.

"WHEREFORE, affiant prays that an Order to Show Cause be issued in the above-entitled matter.

"Ellen Nieri."

We are satisfied the order of the lower court discharging the order to show cause should be affirmed for several reasons.

In the first place, the affidavit upon which the order to show cause was issued was insufficient to give the court jurisdiction to pronounce any order of contempt. It merely alleged the terms of the original agreement, that $1,640.62 was due as interest and had not been paid. Nowhere in the judgment was the respondent ordered to pay any interest. He was ordered to pay the principal sum, and that is *all* he was ordered to pay.

Proceedings in contempt are criminal proceedings. (*Phillips* v. *Superior Court,* 22 Cal.2d 256, 257 [137 P.2d 838].)

The affidavit must state facts constituting the offense, and if it is defective, an adjudication of contempt based thereon cannot stand, insofar as the court would not have jurisdiction to make an order of contempt under such circumstances; and since the affidavit did not allege the violation of any order, there was, obviously, so far as the record here discloses, no contempt committed, and the only order the court could make in the case at bar was the one it made, to wit, discharging the order to show cause. (*Ballentine* v. *Superior Court,* 26 Cal.2d 254, 260 [158 P.2d 14].)

The appellant does not seriously dispute this conclusion, but relies on the general principle that since this point was not raised in the court below it cannot be raised here. However, it is well settled this rule is not applicable where the court had no jurisdiction to make an order in the first place. Jurisdictional questions can be raised for the first time on appeal. (*Emery* v. *Pacific Emp. Ins. Co.,* 8 Cal.2d 663, 665-666 [67 P.2d 1046]; *Glass* v. *Bank of America,* 17 Cal. App.2d 645, 647 [62 P.2d 764]; *Rodman* v. *Superior Court,* 13 Cal.2d 262, 269, 270 [89 P.2d 109]; *Jacobs* v. *Board of*

*Dental Examiners,* 24 Cal.App.2d 359, 361 [75 P.2d 96];
*Costa* v. *Banta,* 98 Cal.App.2d 181, 182 [219 P.2d 478].)

In the second place, while the appellant urges the further thought that this appeal is also from an order denying a motion "that defendant pay interest on such judgment," the record does not disclose that there was ever such a motion before the court. The agreed statement of facts, upon which this appeal is based, includes no statement that such fact existed. ▇ The judgment at the time of this hearing had become final. We know of no way it could be modified on motion except upon such proceedings as are permitted under section 473, Code of Civil Procedure, and the agreed statement of facts, which contains all the facts we are permitted to consider, shows no such proceedings. And at the oral argument respondent's counsel stated no such motion had been made, and this statement was not challenged by the opposition. What the court no doubt intended to do, and did do, was to find that *under the proceeding then before the court,* which was solely one to declare the respondent in contempt, the court could not, and would not, order the appellant to pay interest on the judgment. Such conclusion was, of course, correct.

In the third place, the respondent tendered the appellant the first payment of $6,250 when it was due. The tender was refused on the ground that appellant intended to move for a new trial and take an appeal, and pending such proceedings such checks were being returned. No further tenders were made, but, as we have seen, soon after the judgment became final, respondent paid to the appellant the full $25,000, plus interest from the date the judgment did become final.

▇ Appellant admits that "there is no question that the amount of the first installment was tendered when due. Under section 1504 of the Civil Code, an offer of payment stops the running of interest on the obligation. There is no question that interest on the first installment is therefore not payable," which properly states the law. She contends, however, that the rejection by her of the first check after tender, did not stop the running of the interest on the second, third, and fourth installments, payment of which was not tendered during the pendency of the proceedings on new trial and appeal, and relies on the case of *Western Lithograph Co.* v. *Vanomar Producers,* 62 Cal.App. 644, 648 [217 P. 534]. This case is not helpful. There no tender was ever made, in any amount, at any time, consequently there was no rejection.

In the case at bar, tender of the full amount due up to the date thereof was made, and is not questioned, and was rejected. On September 13, 1945, her notice of appeal was filed, and all subsequent payments became due thereafter. The same reason for rejection of the subsequent tenders, if made, existed until the judgment became final in April, 1951. Therefore, defendant had a right to assume that all tenders of such subsequent payments would likewise be rejected until the appeal was disposed of. (*Hossom* v. *City of Long Beach*, 83 Cal.App.2d 745, 750 [189 P.2d 787]; *Retsloff* v. *Smith*, 79 Cal.App. 443, 455 [249 P. 886]; *Bogue* v. *Roeth*, 98 Cal. App. 257, 262 [276 P. 1071].)

None of these facts existed in the lithograph case, *supra*, and for the same reason the case of *Ferrea* v. *Tubbs*, 125 Cal. 687 [58 P. 308], cited by the appellant, can give her no comfort.

Some point is made of the fact that upon the return of respondent's checks appellant suggested that they be deposited with the clerk of the court. As appellant says in her opening brief on page 7, ''The plaintiff-appellant's then attorney merely requested that the money be deposited in escrow with the Clerk of the Court pending the outcome of the appeal.'' (If there is any question about it, which there does not appear to be, this, in itself, shows appellant's position, relative to not accepting payments of installments as they became due, was the same pending appeal as it was while proceedings relative to procuring a new trial were going on.)

In any event, it is not seen how appellant could have been benefited by respondent depositing the checks with the clerk of the court as she requested, since, with the checks reposing in the clerk's files, she would receive no interest thereon. For this additional reason, she is in no position to complain.

One more point remains to be considered. In the letter returning the check by appellant's counsel, he stated the return was ''without prejudice to the rights of my client or yours.'' Obviously, this language is uncertain and ambiguous, and we are unable to determine what was meant thereby. It *could* have meant that appellant was not refusing for all time to accept the payments, come what may, but that she was merely attempting to hold everything in status quo pending the outcome of the case and to this extent she was not intending to surrender her rights to receive the amount of the judgment after the determination of the case in the

appellate courts. However, we do not think the language is susceptible to the interpretation that she intended to refuse payments until the case was finally decided, and because of this action on her part, and for which respondent was in no way responsible, collect interest from him also. If she did so intend, such could not be upheld, for the reason that in said letter the rejection was also made without prejudice to respondent's rights, and one of those rights was the stopping of interest upon making his tender. (*Walker* v. *Houston*, 215 Cal. 742, 745-746 [12 P.2d 952, 87 A.L.R. 937].)

For each and all of the foregoing reasons, we can see no merit in the appeal and the judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.