[Civ. No. 6107. Fourth Dist. Aug. 28, 1959.]

MANUEL CABALLERO et al., Plaintiffs v. HAROLD D. RICHARDSON, Defendant.

ROSALIE A. CABALLERO, a Minor, etc., Appellant, v. HAROLD D. RICHARDSON, Respondent.

Allan Lame for Appellant.

Oakes & Horton and Jack R. Levitt for Respondent.

GRIFFIN, P. J.—On March 27, 1957, defendant and respondent Harold D. Richardson's vehicle collided with the rear end of a pickup truck driven by plaintiff and appellant Rosalie A. Caballero, a minor. Her mother, Lupe, was a passenger therein. She was thrown from it and suffered internal injuries. Rosalie suffered only minor injuries.

On July 8, 1957, Lupe and her husband filed suit against defendant Richardson in the Superior Court of San Diego County for $15,000, and he was served on July 17, 1957. He

answered the complaint on September 10, 1957. A jury trial was requested and the case was put on the civil active list. On September 25, 1957, a pretrial notice was sent to respective counsel, which pretrial was held on October 25, and an order was signed on November 1, 1957, wherein the issues were listed, and no mention was made of a pending action in the municipal court. On July 16, 1957, Rosalie, by her guardian *ad litem* Lupe, filed a suit against defendant Richardson in the Municipal Court of South Bay District, Chula Vista, seeking damages for $2,500, and defendant was served with summons and complaint. He filed an answer thereto on September 12, 1957 (No cross-complaint or counterclaim was interposed), with a request that the case be put on the civil active list in that court, and January 21, 1958, was the date set for such trial. It was subsequently reset by defendant's attorney for May 8, 1958.

About 10 days before the commencement of the trial of the action in the municipal court, respondent filed a motion in the superior court requesting a transfer of the municipal court action to the superior court so that the trial might be consolidated with the superior court action filed by Manuel and Lupe Caballero. The court granted it. It is from this order that appellant Rosalie appeals.

The argument is: (1) That the superior court lacked jurisdiction over appellant; that the plaintiffs in the superior court and in the municipal court actions were not the same individuals; that appellant was not before the superior court in any capacity; that she filed her action in the proper court which had jurisdiction (Maximum $3,000); that since she did not submit to the jurisdiction of the superior court she could not be compelled to submit to its jurisdiction in this fashion; and (2) That the superior court abused its discretion in making such order just ten days before, necessitating another pretrial and consequential delay pending the trial of the action in the superior court for many months, all of which would be detrimental and prejudicial to this appellant, and accordingly respondent waived his right to such an order, if in law such right existed.

Counsel for appellant contends in his brief that he has searched in vain for any case where the superior court had compelled a plaintiff in an action, properly filed in the municipal court, to have his case tried before the superior court. He contends that section 1048 of the Code of Civil Procedure,

as amended by the Legislature in 1927 (Stats. 1927, ch. 320, p. 531, § 1) authorizing consolidation of actions did not authorize the action taken by the superior court; that it is true that a superior court may *enjoin* a party before it from proceeding in an action in some other jurisdiction, but since she was not before the superior court and was not made a party to any such proceeding and no such injunction was requested, the superior court could not compel her to seek her relief in the superior court by transferring her case to that court or compel her to join other plaintiffs in that court in prosecuting her claim.

In support of the order, respondent argues that since the Legislature changed section 1048 of the Code of Civil Procedure from ''Whenever two or more actions are pending at one time between the same parties and in the same court, upon causes of action which might have been joined, the court may order the actions to be consolidated'' to read: ''An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right,'' this authorized the instant procedure adopted by the superior court judge, citing such authority as *Fisher* v. *Nash Building Co.,* 113 Cal.App.2d 397 [248 P.2d 466]; *Jud Whitehead Heater Co.* v. *Obler,* 111 Cal.App.2d 861 [245 P.2d 608]; *Emery* v. *Pacific Employers Ins. Co.,* 8 Cal.2d 663 [67 P.2d 1046]; *Aldrich* v. *Transcontinental Land & Water Co.,* 131 Cal.App.2d 788 [281 P.2d 362]; and *Engleman* v. *Superior Court,* 105 Cal.App. 754 [288 P. 723].

None of these reported cases is factually similar to the instant action. This court in *Engleman* v. *Superior Court,* 105 Cal.App. 754, *supra,* decided in 1930, had before it a case where plaintiff brought an action against defendant in the superior court and defendant brought an action against this same plaintiff in the justice court for damages for injury to a minor child. In that action (between the same parties) plaintiff in the superior court amended his complaint, set forth these facts, sought and obtained a restraining order enjoining plaintiff in the justice court action from proceeding further therein during the pendency of the superior court action. This procedure was authorized under the facts of that case. Under section 526, subdivision 6 of the Code of Civil Procedure an injunction is authorized where the restraint is necessary to prevent a multiplicity of suits. Cases relied upon

by respondent are to the same effect. See also *Smith & Yellow Cab Co.* v. *Leigh*, 248 F.2d 85. In the instant case this procedure was not followed.

■ We conclude the superior court did not acquire jurisdiction to force a transfer of a municipal court action to the superior court in the manner here indicated. Statutory procedure is provided for the transfer of a municipal court case to the superior court by the *judge of the municipal court* where a counterclaim or cross-complaint in excess of its jurisdiction is filed in the case. (See Code Civ. Proc., §§ 396 and 396a.) In *Glass* v. *Bank of America*, 17 Cal.App.2d 645 [62 P.2d 764], it was held that where territorial jurisdiction is granted to a municipal court under section 395 of the Code of Civil Procedure, the effect of such grant was *ipso facto* to deprive the superior court thereof, and jurisdiction of the subject matter cannot be conferred upon a tribunal by consent.

In the Emery case, *supra,* the court did hold that where claims of separate parties for damages sustained in an automobile collision were joined, and one of the claims was for an amount below the jurisdiction of the superior court, but the other above that amount, the superior court had jurisdiction of both claims by virtue of the fact that they were otherwise joinable and one of the claims was for an amount within the jurisdiction of the superior court. However, it did definitely say, in sustaining the judgment on this theory (p. 669) : "It is not, however, required that the plaintiffs join in prosecuting a single action in the superior court."

Under these circumstances appellant here was not obligated to join with the other plaintiffs in the superior court in pursuing her remedy and the superior court was, in the absence of some statutory authorization, without jurisdiction to compel such a joinder and assume jurisdiction of both actions in the manner adopted.

Judgment reversed.

Mussell, J., and Shepard, J., concurred.