[Civ. No. 32696.   Second Dist., Div. One.   Apr. 16, 1968]

GUS COCHRANE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ARTHUR D. SCHULTZ et al., Real Parties in Interest.

Ralph Kaplan for Petitioner.

No appearance for Respondent.

Boscoe & Sitzer and H. Allan Sitzer for Real Parties in Interest.

McCOY, J, pro tem.*—This is a proceeding for a writ of mandate commanding the Superior Court for Los Angeles County to enter its order transferring an action to the Municipal Court of the South Bay Judicial District. We have concluded that the writ must be granted.

On April 21, 1966, petitioner Gus Cochrane filed a complaint in the Municipal Court of the South Bay Judicial District against Arthur D. and Marty Schultz and others to recover the balance of $500 allegedly due him under the terms of an oral contract to furnish defendants labor, materials and services. The named defendants filed an answer denying liability, but did not make any counterclaims or file any cross-complaint. On November 10, 1966, defendants gave plaintiff notice that on November 21, 1967, they would "move the court that the above-entitled action be consolidated into one action for trial with SW C 8774, entitled Elastizell Concretes of California vs. Arthur D. Schultz and Associates, a limited partnership, in which Arthur D. Schultz and Associates have filed a cross-complaint named [sic] therein Gus Cochrane as a party cross-defendant, on the grounds that the suits involved arise out of the same transaction and that said

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

consolidation can be accomplished without prejudice to any substantial right of the parties." The minute order of the municipal court for November 30, 1966, reads: "Motion to Consolidate granted. Cause ordered transferred to Superior Court and consolidated for trial with case No. SW C8774." When the required filing fees were paid the municipal court action was transferred to the Superior Court for Los Angeles County and filed as action number SW C 10363.

On July 6, 1967, petitioner moved the superior court to retransfer his action to the municipal court on the ground that the superior court did not have jurisdiction to hear and determine the action. The court denied the motion and made an order consolidating petitioner's action number SW C 10363 with the then pending action number SW C 8774, entitled Elastizell v. Schwartz, for trial. Petitioner contends that in making his order and in retaining his action for trial the superior court exceeded its jurisdiction. We agree.

The jurisdiction of a court to hear and determine an action at law for the recovery of money depends on the amount claimed in the prayer of the complaint. (1 Witkin, Cal. Procedure (1954), Jurisdiction, § 13, p. 286.) Since the prayer of petitioner's complaint in the municipal court is for $500 it is clear that that court is the only one having jurisdiction. (Code Civ. Proc., § 89.) In the absence of the filing of the counterclaim or cross-complaint for an amount in excess of its jurisdiction, a municipal court has no authority to transfer a case within its jurisdiction to the superior court. (See Code Civ. Proc., §§ 396, 396a.) When, in the absence of the filing of a counterclaim or cross-complaint, a municipal court transfers a case within its jurisdiction to the superior court, the superior court has no alternative but to order the case transferred back to the municipal court since it has no jurisdiction to hear and determine the action. In such a situation the superior court to which the case has been transferred has no power to compel the plaintiff in the municipal court action to submit to its jurisdiction. (Cf. *Keenan* v. *Dean,* 134 Cal.App.2d 189 [285 P.2d 300]; *Caballero* v. *Richardson,* 173 Cal.App.2d 459 [343 P.2d 302].)

In *Keenan* v. *Dean, supra,* an action was commenced in the municipal court and was properly transferred to the superior court solely because of the filing of a cross-complaint seeking damages in excess of the jurisdiction of the municipal court. The superior court granted plaintiff's motion to strike the cross-complaint and the cross-complainant appealed. On appeal

the first question was whether the order of the superior court striking the cross-complaint was appealable. Holding that the order was appealable, the court said (p. 192) that after the cross-complaint was stricken "All that remains to be tried is the original action properly filed in the municipal court. When that fact is called to the attention of the superior court, under the mandatory provisions of section 396 of the Code of Civil Procedure, it will have to return the case for trial to the municipal court. Neither that court, nor the appellate department of the superior court has power to review the propriety of the ruling of the superior court striking the cross-complaint. Thus, in a very real sense the order striking the cross-complaint was a final order or judgment. The superior court has finally determined that it has no jurisdiction of the proceeding."

In *Caballero* v. *Richardson, supra,* 173 Cal.App.2d 459, the court reversed an order of the superior court made in a pending action, granting defendant's motion and ordering a case then pending in the municipal court against the same defendant and arising out of the same accident transferred to the superior court, and consolidated for trial with the superior court action against him. The court held that the order was not authorized by section 1048 of the Code of Civil Procedure, permitting consolidation of actions "whenever it can be done without prejudice to a substantial right," and that the superior court has no jurisdiction to make the order. In that case the court concluded that the superior court did not have jurisdiction to force a transfer of the municipal court action on defendant's motion. "Statutory procedure is provided for the transfer of a municipal court case to the superior court by the *judge of the municipal court* where a counterclaim or cross-complaint in excess of its jurisdiction is filed in the case. (See Code Civ. Proc., §§ 396 and 396a.) In *Glass* v. *Bank of America,* 17 Cal.App.2d 645 [62 P.2d 764], it was held that where territorial jurisdiction is granted to a municipal court under section 395 of the Code of Civil Procedure,[1] the effect of such grant was *ipso facto* to deprive the

---

[1]So far as applicable here, Code of Civil Procedure, section 395, reads: "(2) The proper court for the trial of any such action in the county hereinabove designated as the proper county, shall be determined as follows:

"If there is a municipal or justice court, having jurisdiction of the subject matter of the action, established in the city and county or judicial district, in which the defendant, or any defendant, so resides, or in which the injury to person or to personal property, or the injury causing death, occurs, or, in the cases hereinabove mentioned, in which the obliga-

superior court thereof, and jurisdiction of the subject matter cannot be conferred upon a tribunal by consent.'' (P. 462.)

In our opinion the municipal court had no power in the first instance to transfer petitioner's action to the superior court, much less to order it consolidated with an action pending in the superior court. We are also of the opinion that the superior court has no jurisdiction over petitioner's municipal court action after the transfer.[2]

Let a premptory writ issue commanding the respondent court to vacate its order in action number SW C 10363 consolidating that action for trial with action number SW C 8774, and to enter its order in action number SW C 10363, entitled Cochrane v. Schultz, transferred to the Municipal Court of the South Bay Judicial District for further proceedings.

Wood, P. J., and Lillie, J., concurred.

tion was contracted to be performed, such court is a proper court for the trial of such action; otherwise any court in such county, having jurisdiction of the subject matter of the action, is a proper court for the trial thereof.''

[2]No cases are cited by the real parties in interest which relate to the question here decided with respect to the jurisdiction of the superior court, nor is the point discussed in their opposition. The only argument advanced by them relates to the power of the superior court under Code of Civil Procedure, section 1048, to consolidate actions. As we have seen, this argument would have merit only if the superior court had jurisdiction over both actions, which is not the case here.